## Jasper v. Tartar, Judge of Pulaski Circuit Court.

(Decided June 1, 1928.)

### Appeal from Pulaski Circuit Court.

1. Divorce.—A court having original jurisdiction in divorce matters also has jurisdiction to modify orders made with reference to alimony allowances and custody of infant children, so that such matters may be regulated to correspond with changed conditions.
2. Divorce.—That trial court had jurisdiction over subject-matter of divorce, including custody of minor child, was not alone sufficient, after decree was rendered, to authorize orders reinstating case on docket and affecting custody of children, unless court also had jurisdiction of plaintiff's person.
3. Divorce.—Where on last day of the term and after an order had been entered adjourning term at which divorce decree was rendered giving custody of minor child to wife, circuit court made an order reinstating case on docket, and thereafter made further orders involving custody of child without notice to wife, such orders were void because entered without legal notice to wife, and she was entitled to writ of prohibition against enforcement of such orders.
4. Judgment.—No judgment is valid unless the defendant therein is brought before the court and given an opportunity to be heard.

W. M. CATRON and M. L. JARVIS for plaintiff.

R. C. TARTAR pro se.

OPINION OF THE COURT BY JUDGE THOMAS—Making temporary writ of prohibition permanent.

This is an original proceeding in this court filed by plaintiff and petitioner, Pearl Jasper, against defendant and respondent, R. C. Tartar, judge of the Pulaski circuit court, whereby she seeks to prohibit him from enforcing or in any wise executing or procuring the execution of certain orders made by him, as judge of the Pulaski circuit court, in the case of Jasper v. Jasper heretofore pending on the docket of that court.

The substance of the facts as alleged in the petition are: That in 1925 plaintiff filed her equity action in the Pulaski circuit court against her then husband, Eugene Jasper, seeking to obtain a divorce from him on grounds therein averred, and to recover from him alimony and the custody of their infant child, then slightly over two years of age. Before final submission certain allowances of alimony pendente lite were made therein and also an order giving the temporary custody of the infant to plain-

tiff, and a temporary restraining order issued enjoining defendant therein from interfering with plaintiff's adjudged custody of the child. Shortly thereafter the husband forcibly possessed himself of the child, in violation of the orders and temporary injunction of the court, and in doing so assaulted plaintiff, for which he was later indicted. He took the child with him to the state of Nevada and kept it there for more than a year. In the meantime plaintiff succeeded in locating him and went to Nevada to repossess her child, but her husband learned of her coming and left that state and went into Ohio with the child, where plaintiff followed him and succeeded in gaining its possession. In the meantime he had paid her but little if any of the adjudged temporary alimony.

Subsequently the cause was finally submitted, and plaintiff was decreed a divorce from her husband, and the order giving her possession of the child was perpetuated, as was also the temporary injunction. The petition herein alleged the above facts and then avers:

That defendant herein on the last day of the February, 1928, term of the Pulaski circuit court, and after an order had been entered adjourning the term and without any notice whatever to plaintiff herein, made and entered an order reinstating the case of Jasper v. Jasper on the docket of the court, and in which it was said:

"It is ordered that above action be reinstated on the docket for the purpose of modifying judgment, and it is ordered that defendant be permitted to see the infant, Tom Jasper, and that the infant be taken to the home of T. E. Jasper at a time designated by court in vacation and that defendant be permitted to be with him such hours named by court."

That a few days thereafter, in the office of the clerk of this court and during vacation, he wrote another order in the case on his order book reading:

"It is ordered by the court that plaintiff turn over to T. E. Jasper, the son of the parties hereto, Tommie Jasper, beginning April 7, 1928, Saturday, and shall remain in custody of said T. E. Jasper until and including Thursday April 12, 1928, being placed in the custody of said T. E. Jasper for the purpose of his father, Eugene Jasper, seeing his said son."

—and signed it in his official capacity. That he caused a copy thereof to be placed in the hands of the sheriff of the county and orally instructed that officer to take from plaintiff her child and deliver it to T. E. Jasper, the father of plaintiff's husband, for the express purpose of enabling the latter to see it.

The petition then alleged that all of such orders, actions, and doings on the part of defendant were without jurisdiction and void because plaintiff herein was not before the court at any of the times specified, by any character of process or notice, and that she had no opportunity to make defense or objection to any of them, and that they were all made without defendant having jurisdiction of her person.

Defendant demurred to the petition filed in this court, which was overruled, whereupon he filed answer and response in which he averred his jurisdiction to make the orders complained of and that before making them "he personally notified the plaintiff herein" of his intention and purpose to make them. But he did not aver the character of notification so given, nor that it specified any time when he would attempt to make such modifying orders, and it is too clear for argument that plaintiff was not given the requisite notice so as to render the notification valid even if the modification had been entered in term time. Plaintiff demurred to that response, which we sustained, with leave for plaintiff to amend, and after the expiration of the time given therefor he declined to do so. The question is: Whether plaintiff is entitled to the relief prayed for in her petition under the facts we have narrated? Upon the filing of the petition plaintiff moved for a temporary writ of prohibition, which was granted, and we are clearly convinced that it should now be perpetuated.

It is elemental that a court having original jurisdiction in divorce matters also has jurisdiction to modify orders made with reference to alimony allowances so that they may be regulated to correspond with changed conditions, and the same is true with reference to the custody of infant children of the litigating parties in such actions. Defendant, therefore, had undoubted jurisdiction over the subject-matter; but that alone was not sufficient to validate the orders made by him, and complained of herein, unless he also had jurisdiction of the person of plaintiff, Pearl Jasper. That he did not have such jurisdiction is so plain as to furnish no possible

grounds for argument to the contrary. According to the undisputed allegations of the petition, defendant made the first order complained of herein without any sort of notice served on defendant of the time and place where and when he intended to take up and consider the question, nor did she have any notice of the reinstatement of the case of Jasper v. Jasper on the docket of the Pulaski circuit court, and the same defects apply to the second order complained of wherein defendant directed the sheriff to take from plaintiff the possession of the child and deliver it to the father of her husband. Waiving for the purpose the question of defendant's right to make such orders at all in vacation, they are each invalid and void because they were made and entered without any legal notification to plaintiff of the intention and purpose of defendant to do so.

It is a fundamental principle of Anglo-Saxon jurisprudence that no judgment is valid unless the defendant therein is brought before the court and given an opportunity to be heard. In other words, all litigants are entitled to their day in court, and any judgment against them, in any wise affecting their rights, made and entered contrary to that principle, is of no effect whatever and may be ignored by the one against whom it is rendered as though it had never been done. The proposition is too fundamental to require the citation of authority in support of it.

Wherefore, the temporary writ is made permanent and defendant is perpetually prohibited from enforcing or executing either of the orders complained of, and from procuring directly or indirectly any other officer to do so.