## Salyer et al v. Salyer.

March 15, 1946.

J. B. Howard for appellants.

Walter R. Prater for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The issue here is whether the court below should have vacated a judgment.

On September 2, 1921, Green Salyer executed and delivered to K. N. Salyer his promissory note in the sum of $500, due 12 months after date, and, to secure the payment of same, he and his wife, Phoebe Salyer, executed and delivered a mortgage on certain described land lying in Magoffin County. This action was brought in the Magoffin Circuit Court on August 27, 1936, seeking judgment and foreclosure. The cause was passed from term to term and finally on December 30, 1940, the plaintiff below filed an amended petition in which he alleged that on the 24th day of June 1924, after the execution of the note and mortgage above, Green Salyer and his wife, Phoebe Salyer, conveyed the land above mortgaged to their following named children: Margaret Salyer, now Margaret Gilbrunson, Burnie Salyer, Lacy Salyer, Wiley Salyer, Duey Salyer, Lee Salyer, Minnie Whitaker, Mary Whitaker, Martha Howard, Bettie Arnett, and Daisy Salyer Whitaker.

He further alleged that after the institution of the suit, and on the first day of April, 1940, Green Salyer died intestate; that no administrator or personal representative had been appointed to administer his estate, and that he left no money or personal property out of which to pay the debt on which this action was based.

He alleged that Bettie Arnett and her husband, Harris Arnett, Daisy Whitaker and her husband, Henry Whitaker, Duey Salyer, Margaret Gilbrunson, Minnie Whitaker and her husband, Frank Whitaker, and Phoebe Salyer were nonresidents and set out the addresses of each. He stated that Margaret Gilbrunson, formerly Margaret Salyer, married a man by the name of Gilbrunson but whose given name is unknown to the plaintiff, and that after due diligence, he has been unable to locate or learn his whereabouts, and that the residence is unknown to the plaintiff; that Mary Whitaker, Lee Salyer, after the execution of the deed above, died and left surviving, her husband and some children, whose names and places of residence are unknown to the plaintiff. He then prays for the appointment of a warning order attorney to inform the nonresidents and

unknown defendants of the pendency of the action, and prays for judgment and foreclosure of his mortgage lien against the land and for the sale of same.

A warning order was issued by the clerk, wherein the defendants, Phoebe Salyer, Bettie Arnett and her husband, Harris Arnett, Daisy Whitaker, and her husband, Henry Whitaker, Minnie Whitaker and her husband, Frank Whitaker, Margaret Gilbrunson, and the unknown defendant, ——— Gilbrunson, Duey Salyer, and the unknown heirs of Margaret Salyer Whitaker, were warned to answer the cause.

Warning order attorney was appointed, who reported that he wrote the defendants at the addresses designated in plaintiff's petition informing them of the nature and pendency of the above styled action, and that he had received no reply from defendants, or any of them.

The cause was submitted at the April term, 1942, and judgment entered, and the Master Commissioner ordered and directed to sell the land to satisfy the indebtedness. Pursuant to the judgment and order of sale the land was sold, the plaintiff becoming the purchaser thereof.

At the January term, 1943, sale was confirmed and deed executed.

On September 6, 1943, motion was filed by Lacy Salyer and Phoebe Salyer to vacate the judgment above. They stated that it was void because no process was ever served upon the defendants and heirs of Green Salyer. In support of the motion affidavits of Phoebe Salyer and Lacy Salyer were filed, each of the affiants stating that during all the time since the filing of the above action they have been actual residents of Magoffin County and that neither of them had been served with summons and knew nothing of the action until after the judgment and order of sale was made.

The matter was then submitted to the court on the motion to vacate the judgment, and the court decided the movants were not entitled to the relief sought, from which ruling the movants appeal.

Appellee makes reference to the fact that the record is incomplete and leaves the impression that the incompleteness is the fault of the appellants. However, the

.certificate of the Magoffin Circuit Clerk states that the record is a true and correct copy of the entire record. If that is not true, obviously, it was incumbent upon the appellee to see that the entire record is here, or at least make some showing why. Our judgment must be based upon a consideration of the record that is here.

It will be noted first that the suit was filed less than 10 days before the expiration of the period of limitation against the note, and that the cause was passed from term to term for a period of over three years, for what reason we cannot determine from this record. However, the natural presumption is that the parties were not before the court.

There is nothing in the record to show any summons was ever issued or any sort of return ever made upon any issued summons.

The record discloses that the amended petition was not filed until after the death of the defendant, Green Salyer. The land had been deeded to the children 16 years prior to that time.

It will be noted further in the petition that the plaintiff undertakes to set out the names of the children and heirs of Green Salyer, listing some of them as nonresidents and unknown. The record does not show that any summons was issued for any of the defendants not named as nonresidents, nor any return of any sort on any summons. The warning order attorney made his report in which he stated he had addressed letters to the nonresident defendants, as named in the plaintiff's petition, but made no reference to the unknown defendants as to whether or not he had exercised diligence in trying to ascertain their names and addresses. The court finds itself in a rather insoluble dilemma in trying to ascertain just what defendants were before the court on constructive service and what defendants were not. It is obvious that there are some of them who were never before the court. After all the delay in obtaining judgment herein, the land was sold and the holder of the note and lien became the highest bidder and purchaser of the land. It is an obvious conclusion that with a record as befogged as this, the sale would be materially affected since no prospective purchaser could bid with any feeling of security or assurance he was getting a good title.

802

In the case of Gardner v. Lincoln Bank & Trust Co., 251 Ky. 109, 64 S. W. 2d 497, wherein there was dispute as to the service of process upon the defendants in a foreclosure action, it was held that since the evidence established defendant wife was not duly served with process, the foreclosure, judgment, and sale thereunder were void.

In the case of Jasper v. Tartar, 224 Ky. 834, 7 S. W. 2d 236, 237, the court said:

"It is a fundamental principle of Anglo Saxon jurisprudence that no judgment is valid unless the defendant therein is brought before the court and given an opportunity to be heard. In other words, all litigants are entitled to their day in court, and any judgment against them, in any wise affecting their rights, made and entered contrary to that principle, is of no effect whatever and may be ignored by the one against whom it is rendered as though it had never been done. The proposition is too fundamental to require the citation of authority in support of it."

A proper and orderly procedure in the court below wherein all parties are properly before the court obviously cannot prejudice the rights of any interested party. It probably will encourage prospective buyers to bid on the property and thus enable the plaintiff below not only to recover fully on his claim, if it be a just one, but possibly will show a surplus for distribution to the defendants.

We are of the unhesitating conviction that the court below should have granted to the movants the relief sought. Therefore, the judgment is reversed with directions to vacate the judgment below and let the cause proceed.