[Crim. No. 2444.   First Dist., Div. Two.   Oct. 29, 1946.]

In re CHARLES WILLIAM SAUNDERS, on Habeas Corpus.

William Farnum White for Petitioner.

John E. Anderton and C. W. Durbrow for Respondent.

DOOLING, J.—By this proceeding for a writ of habeas corpus the petitioner, the father of Christine Saunders, an infant girl 16 months of age, seeks to obtain the custody of such child from her mother, Irene Saunders. The mother and father were married in the Commonwealth of Australia on October 18, 1944, while the father was serving in our armed forces overseas. The mother is an Australian citizen and the child was born in Australia. After the father was discharged from the army the mother brought the child to this country from Australia and joined the father in Illinois in which state he was then and still is domiciled. After a very brief interval the mother brought suit for divorce against the father and on August 22, 1946, a decree of divorce was entered in the Illinois court granting her a divorce. That decree awarded the custody of the child to the plaintiff mother. It contained, however, the following provision:

"And it is further ordered, adjudged and decreed by the Court that the plaintiff is hereby forbidden and enjoined from taking the said minor child Christine Saunders, outside of the jurisdiction of this Court, except with the express permission of this Court following notice to the defendant of the seeking of such permission by the plaintiff."

In violation of this injunctive order the mother took the child from Illinois to San Francisco with the intention of returning with the child to her home in Australia. Upon learning of her departure with the child from Illinois the father, ex parte and without the service of notice in any manner, on September 12, 1946, obtained an order from the Illinois court in which the original decree of divorce had been entered, modifying that decree and awarding the custody of the child to him.

Armed with this order modifying the decree he instituted habeas corpus proceedings in the superior court in and for the city and county of San Francisco to obtain possession of the child. In his petition he not only pleaded the proceedings in the Illinois court, but he also pleaded his own fitness to have the custody of the child and that her welfare was endangered by the alleged wrongful and neglectful conduct of the mother since the entry of the original decree of divorce. After a hearing which consumed portions of several days and in which witnesses were produced on both sides concerning the mother's conduct and treatment of the child the superior court entered its order discharging the writ of habeas corpus.

In the proceeding before this court the petitioner has elected to stand solely upon the rights conferred upon him by the order of modification of September 12, 1946, by which the child's custody was awarded to him, arguing that under the full faith and credit provision of the United States Constitution this court is bound by that order. To this narrow issue we therefore direct our attention.

It is the generally accepted rule in the courts of this country that where the custody of a child has been awarded to one parent by a decree of divorce a subsequent order modifying that decree and awarding the custody of the child to the other parent can only be made after notice to the custodial parent and an order made without notice is void. (*In re Culp*, 2 Cal.App. 70 [83 P. 89]; *Blachly* v. *Blachly*, 169 Iowa 489 [151 N.W. 447]; *Abell* v. *Second Judicial Dist. Court*, 58 Nev. 89 [71 P.2d 111]; *Gordon* v. *Gordon*, 196 Miss. 476 [17 So.2d 191]; *Jasper* v. *Tartar*, 224 Ky. 834 [7 S.W.2d 236]; *State ex rel Tatum* v. *Ramey*, 134 Mo.App. 722 [115 S.W. 458]; *Jack* v. *Jack*, 294 Mo. 128 [243 S.W. 314]; 17 Am.Jur., Divorce and Separation, § 685, p. 519.) Petitioner cites and relies upon *Morrill* v. *Morrill*, 83 Conn. 479 [77 A. 1]. In that case the court said: (p. 3 [77 A.].)

"Reasonable notice, so far as feasible, of contemplated action subsequent to the original judgment might well be required as a measure of fairness, and thus as a practical condition of further action, but that notice was not a condition upon which the jurisdiction was founded."

In a note in 76 American Law Reports at page 254 this case of *Morrill* v. *Morrill* is noted as contra the weight of authority.

However, we need not look further in this case than to the law of the State of Illinois in which the modifying order upon which petitioner relies originated. In *Cummer* v. *Cummer*, 283 Ill.App. 220, the court passed upon the validity of an order changing the custody of a child which had previously been awarded by divorce decree to the father. The court after deciding that the father had not been served with notice of the proceedings for modification said at page 234:

"It requires neither argument nor citation of authority to sustain the proposition that in a divorce proceeding where the parties have a minor child the court retains jurisdiction of the cause as to the care, custody and control of such child until it attains its majority, so that the rights of the minor child may

be protected. It is fundamental, however, that before that jurisdiction can be brought into play and the court empowered to enter a valid order affecting the rights of the father, who has by final decree been awarded the care and custody of the child, reasonable notice must be given him so that he may be afforded an opportunity for his day in court to protect his rights.''

Again the court said at page 239:

''Where it is clear, as here, that defendant was not served with notice, had no knowledge of the proceedings against him, and, therefore, had no opportunity to defend against them, the judgments and orders are void and should be set aside.''

█  The full faith and credit clause does not require the enforcement in another state of a judgment or order which is regarded as void under the laws of the state in which it was entered (*In re Culp, supra,* 2 Cal.App. 70; Rest., Conflict of Laws, § 432b; Code Civ. Proc., § 1913) and this is but a specific application of the general rule that a void judgment is not entitled to full faith and credit in the courts of other states (15 Cal.Jur., Judgments, § 246, pp. 241-2, § 248, p. 244; 34 C.J., Judgments, § 1614, pp. 1138-40; 31 Am.Jur., Judgments, § 549, pp. 156-9).

Petitioner relies upon *In re Wenman,* 33 Cal.App. 592 [165 P. 1024], but in that case the petitioning father had been given custody of his child by a concededly valid decree which was entitled to full faith and credit in the courts of this state.

█  We do not condone the conduct of the respondent mother in flouting the injunctive provision of the Illinois decree which she herself obtained. In the circumstances we may assume that under the Illinois law valid service might have been made on her attorney in the action (*Reynolds* v. *Reynolds,* 21 Cal.2d 580 [134 P.2d 251]) or on some officer of the court if she had no attorney (Code Civ. Proc., § 1015) and that the court would have been justified in ordering the time of giving the notice shortened drastically. But here there is no pretense that any notice was given and under the law of Illinois as expounded in *Cummer* v. *Cummer, supra,* we must hold the order of modification upon which petitioner bases his whole claim to be void.

█  We may agree with petitioner that the mother and child being only fleetingly in the jurisdiction we cannot make an order changing custody, except temporarily upon a showing that the child's welfare is endangered. (Rest., Conflict

of Laws, §§ 117, 118, 147, 148.) The child is now in the custody of the mother. The petitioner's claim to custody is based on a void order. There was no attempt to show that the welfare of the child is endangered and the superior court found otherwise after a trial of that issue.

The writ of habeas corpus is discharged and the child is ordered returned to the custody of her mother.

Nourse, P. J., and Goodell, J., concurred.