No. 16,561.

Wolfberg v. Noland et al.

(222 P. [2d] 426)

Decided September 2, 1950.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for petitioner.

Messrs. VAN CISE & VAN CISE, for respondents.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

IN an action for divorce between petitioner Margaret T. Wolfberg and her husband, John M. Wolfberg, petitioner was, on December 22, 1949, awarded an interlocutory decree of divorce and the sole custody of the four minor children of the parties. Final decree of divorce was entered on June 23, 1950. On March 21, 1950, John M. Wolfberg filed motion asking that the custody of the children be awarded to him, which motion has not yet been heard by the court, but is on the calendar for re-setting on September 6, 1950.

Under provision of the order for custody giving the father a reasonable right of visitation, he was permitted, on August 18, 1950, to take the children for visitation purposes over the weekend. Instead of returning the children, he retained their custody and, on August 22, filed in the divorce action a "Motion for temporary restraining order," wherein he recited the existence of an emergency "requiring prompt immediate action to avoid permanent injury to the children," and prayed for an order restraining the plaintiff from interfering with his custody, except for reasonable visits at or in the vicinity of the residence of defendant, and further prayed for order vacating any and all orders pertaining to the children inconsistent with defendant's custody thereof. Without any notice whatever to petitioner, the court proceeded at once to hear evidence presented in behalf of the father and thereupon entered a so-called "temporary restraining order," as prayed for in the motion. Upon being served with copy of the restraining order,

petitioner, by her counsel, promptly filed motion to vacate it and the court denied the motion. Thereupon petition was filed in this court reciting the pertinent facts, and praying that this court take jurisdiction and issue order requiring the trial court to show cause why its ex parte order changing the custody of the minor children be not quashed and vacated and the court directed to proceed on proper notice to hear the motion pertaining to custody of the children. We have deemed the question involved to be of sufficient importance to justify this court in exercising original jurisdiction.

■ The response to our order to show cause in effect admits the facts as hereinabove stated. The applicable law appears to be plain. "It is the generally accepted rule in the courts of this country that where the custody of a child has been awarded to one parent by a decree of divorce a subsequent order modifying that decree and awarding the custody of the child to the other parent can only be made after notice to the custodial parent and an order made without notice is void." *In re Saunders,* 76 Calif. App. (2d) 635, 173 P. (2d) 818, citing numerous authorities. "It has been repeatedly held that in a proceeding to modify a divorce decree in any manner affecting the custody of the children of the parties to the case, due process of law requires the giving of notice and affording a reasonable opportunity to appear and present proofs if desired. *Huger v. Huger,* 313 Mich. 158, 163, 20 N.W. (2d) 848. "In proceedings for the modification of orders, judgments, or decrees in divorce relative to the custody of minor children, it has been generally held that proper notice to the adverse party and an opportunity to be heard are required whether or not provided for by statute." 17 Am. Jur., p. 519, §685. Among recent cases announcing the same rule are *Leonard v. Hoppins,* 121 Mont. 275, 191 P. (2d) 990, and *Lamberson v. Lamberson,* 164 Kan. 38, 187 P. (2d) 366. The question is annotated in 76 A.L.R., p. 253 et seq. As noted therein, the Kentucky court, in *Jasper v.*

*Tartar,* 224 Ky. 834, 7 S.W. (2d) 236, and the Missouri court, in *State ex rel. v. Ramey,* 134 Mo. App. 722, 115 S.W. 458, granted writs of prohibition against interference with the custody of children through such ex parte orders.

■ The general requirement of notice is not disputed by respondents. The first defense is the existence of an asserted emergency. Unless imperative, the court should not rely on ex parte statements for proof of the existence of an emergency. To make emergency the excuse for violation of legal rights undermines the very foundation of law. While the right of a state in proper proceeding as *parent patriae,* to take custody of any child within its borders when necessary for the protection of the child is undisputed, this is not such a proceeding; it is rather an attempt to modify a prior order of the court in a divorce proceeding involving the comparative claims of the parents to custody. As such, its jurisdiction is coincident with that of the divorce proceeding to which it is ancillary, its limitations are the limitations upon the court therein, and the requisite notice is the notice required for modification of orders issued in such proceeding.

■■ It further is urged that notice is not required because this was not an order for custody, but a restraining order, and under the general law, and Colorado Rule 65, R.C.P., a temporary restraining order may be granted without notice under the situation here existing. Rule 65 C(h) is noted particularly. It is there provided with reference to the restrictive rule against injunctions, "This rule shall not apply to suits for divorce, alimony, separate maintenance or custody of infants. In such suits, the court may make prohibitive or mandatory orders, without notice or bond, as may be just." Sufficient answer to that contention is that, despite its name, the order that was here sought and obtained was not in fact a restraining order, but a mere modification of the prior order of the court. A court may enjoin the

enforcement of the order of an inferior tribunal; it may enjoin specific conduct by individuals subject to the order of the court, but it cannot enjoin the enforcement of its own orders. Such attempted injunction merely avoids or modifies the order itself. The attempt then, to revoke or modify an order by means of enjoining its enforcement, is simply a pretext and a sham. What cannot be done directly cannot be done by indirection.

We find, therefore, that the effect of the court's purported restraining order was merely to revoke its prior order of custody without notice, and that it is void; therefore the rule is made absolute, and the district court is ordered forthwith to vacate its ex parte order pertaining to the custody of the minor children here concerned and to order the return of said children to petitioner Margaret T. Wolfberg until such time, if at all, as upon proper notice the order awarding custody to her shall have been modified.

MR. JUSTICE ALTER and MR. JUSTICE MOORE dissent.

MR. CHIEF JUSTICE HILLIARD does not participate.

MR. JUSTICE ALTER dissenting.

I dissent on the sole ground that this is not a matter of "great public importance" justifying us in entertaining original jurisdiction.

MR. JUSTICE MOORE concurs in this dissenting opinion.