## No. 20,258.

NORBERT E. SIMPSON *v.* DARLEEN A. SIMPSON, ET AL.

(376 P. [2d] 55)

Decided November 13, 1962.   Rehearing denied November 19, 1962.

Mr. W. H. ERICKSON, Mr. CHARLES F. BREGA, for plaintiff in error.

Mr. JOHN J. GAUDIO, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as the husband, was the defendant named in an action for divorce brought by the defendant in error, Darleen A. Simpson, to whom we will refer as the wife. Also named as defendants in the divorce action were Kalamath Investment Co., The People's Bank, Kearney Investment Company, John C. Prisner, C. C. Propps, Mobile Homes, Inc., and Premier Motor Hotel.

The wife alleged in her complaint that the husband had been guilty of extreme and repeated acts of cruelty. She also alleged that the other defendants, above named, had in their possession certain moneys, assets, and interests in property belonging to the husband under various business and contractual relations between them and the husband. She further alleged that because of her marriage relationship she had an interest in all the assets in the hands of the defendants who were joined as parties to the divorce action. In addition to her prayer for divorce, alimony, etc., she sought the entry of an order "immediately restraining" all of the business associates of the husband who were named as co-defendants, from delivering to the husband any assets in their possession belonging to him. As to the Kalamath Investment Co. and John C. Prisner she requested entry of an

order requiring them "within twenty-four (24) hours after receipt of this Restraining Order," to deposit in the registry of the court all moneys in their possession belonging to the husband.

The complaint was filed March 6, 1962, and at the same time she filed seven separate instruments entitled "Verified Motion for Restraining Order" seeking injunctive relief against each of the defendants other than the husband. These motions contained the allegation that the wife was fearful that if the husband obtained possession of assets belonging to him, which were in the hands of said defendants, such assets would be "used solely to the advantage of the defendant" and would be "dissipated and spent to the disadvantage of the plaintiff and the minor children of the parties hereto."

The trial court issued separate restraining orders as to each of the defendants other than the husband, in which they were enjoined from delivering to the husband any property in their possession which belonged to him. With reference to Kalamath Investment Co. and John C. Prisner, the court directed:

"That the defendant, KALAMATH INVESTMENT COMPANY and/or JOHN C. PRISNER, be restrained from giving over to the defendant, NORBERT E. SIMPSON, also known as N. E. SIMPSON, any monies presently due and owing to NORBERT E. SIMPSON, also known as N. E. SIMPSON, and that within a period of twenty-four hours (24) from date of receipt of this Order said KALAMATH INVESTMENT COMPANY and/or JOHN C. PRISNER, pay into the registry of the clerk of the District Court in and for the City and County of Denver, State of Colorado, the amount of $25,000.00 to be held by said clerk pending further order of court."

All of these orders were entered without notice of any kind to the husband or to any of the other defendants in the action, and were issued on the same day the complaint was filed. Six days following the filing of the com-

plaint the husband appeared in the action and filed certain motions including a motion to dissolve the restraining orders hereinabove mentioned. When this last mentioned motion came on for hearing thirty days after it had been filed, a judge other than the one who had issued the ex parte orders was sitting, who declined to hear the matter and directed that a new setting be arranged for a date when the original judge would be available. Thereupon counsel for the husband took appropriate steps to present the matter to this court on writ of error as provided by Rule 111 (a) R.C.P. Colo.

It is argued, inter alia, that the orders entered by the trial court should be held for naught for the following reasons:

"A. An *ex parte* temporary restraining order depriving an individual of the use and enjoyment of his property cannot be issued without a showing that such an order is imperative and just.

"1. By entering such an order without such a showing, the trial court abused its discretion.

"2. Such a showing was not made by plaintiff in the instant case in that plaintiff failed to allege facts showing danger, present or future, that defendant husband might in any transaction involving his property, render his property unavailable to her for satisfaction of any decree which might be obtained by her."

Rule 65 (b) and (c) R.C.P. Colo. relate to the issuance of restraining orders without notice to the person to be restrained, and adequate protections are afforded in the matter of a bond and prompt hearing on the question of whether the *ex parte* order should be continued. Subsection (h) of said Rule, however, provides that:

"This rule shall not apply to suits for divorce, alimony, separate maintenance or custody of infants. In such suits, the court may make prohibitive or mandatory orders, without notice or bond, as may be just."

Admittedly under this rule a discretion rests with

the trial court to enter a restraining order "without notice or bond, as may be just." The question presented by the record before us is whether it can reasonably be said that the orders which were entered here are "just."

The practice of dragging banking institutions and business associates of persons involved in divorce actions into such proceedings as parties thereto, is not to be encouraged. It is an unusual situation in which an order on one spouse to refrain from transferring property is inadequate to afford needed protection to the other who seeks to maintain the status quo pending a hearing on notice. Only under extraordinary circumstances should third persons, not involved in the marital difficulties of the parties to a divorce action, who are carrying on legitimate business transactions with one of the parties thereto, be restrained or enjoined from continuing business activities with such persons, even upon notice. There is not a word of competent evidence in the record before us justifying the trial court order requiring Kalamath Investment Company and John Prisner to "pay into the registry of the Clerk of the District Court in and for the City and County of Denver, * * * the amount of $25,000.00 to be held by said clerk pending further order of the court."

This Court has heretofore held that restraining orders under Rule 65 (h) R.C.P. Colo., should not be issued except in those instances where an actual emergency exists, and where it is clearly established that grounds exist for granting such extraordinary remedy. In *Wolfberg v. Noland,* 122 Colo. 338, 222 P. (2d) 426, this Court said:

" * * * Unless imperative, the court should not rely on ex parte statements for proof of the existence of an emergency. To make emergency the excuse for violation of legal rights undermines the very foundation of law. * * * "

In the instant case there is nothing shown other than

the existence of a mental apprehension on the part of the wife that some assets to which the husband is entitled under his business dealings with third parties may be dissipated. No facts are related from which such a conclusion might reasonably be reached by the trial court. The wife for the most part gave a "yes" or "no" answer to very leading questions propounded by her attorney (who is not representing her in this Court). Typical of these questions and answers are the following:

"Q. What type of business is your husband in? A. He is a building contractor. Q. But, he is not doing that presently, is that right? A. That's right. Q. But, he does have interests in a substantial amount in other businesses, is that correct? A. Yes. Q. Do you feel that if he gets the money he will dissipate it to the detriment of you and the children? A. Yes, he will. Q. And the signing of the restraining order will in no way effect Mr. Simpson financially? A. No. Q. And this money is not to meet a payroll? A. No. Q. And this money is not to meet any obligation to any employees? A. No. Q. And, no one will be injured or harmed if the Court signs this order? A. No. Q. At one time did your husband have an interest in the Malibu Motel? A. Yes. Q. And does he presently have an interest in the Premier Motel? A. Yes. Q. And in Mobile Homes? A. Yes."

The only statements made by the wife which remotely approached proof of an emergency was that he had gambled "for years" and that "at times" he would drink to an extent that he "practically doesn't know what he is doing."

■ The record furnishes no basis for these conclusions and the entire matter is left to conjecture. The evidence falls far short of the clear and convincing showing that must be made to justify the entry of orders such as those here in question, the effect of which was unquestionably to effectively paralyze the husband's

business connections. His prompt motion to secure vacation of the orders contains allegations clearly indicating the disastrous effect which the orders have had on his business affairs. The right of the defendant husband to manage his property and carry on his business in due course is fundamental and should not be interfered with or suspended in the manner or upon the paucity of grounds shown by this record.

Under the extraordinary circumstances disclosed by the record in this case we are justified in dissolving the temporary restraining order entered by the trial court, notwithstanding that under Rule 111 (a) (3) R.C.P. Colo., the *ex parte* temporary restraining order entered by the trial court is not an order granting a "temporary injunction" which is subject to review on writ of error. The additional delay which would result from a remand to the trial court for a hearing and judgment on a motion to dissolve the order, would not promote justice under the circumstances here present.

The judgment is reversed and cause remanded with directions to forthwith vacate the restraining orders.

In view of the need for prompt final determination of this case any petition for rehearing which counsel desire to file shall be filed within five (5) days.

MR. CHIEF JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.