492 P.2d 867 (1971)
FRESHPICT FOODS, INC., a corporation, and Lee A. Consaul Co., Inc., a corporation, Plaintiffs-Appellees,
v.
REYNALDO CAMPOS, ORLINDA DE VARGAS, DICHO Y HECHO, an unincorporated association, and Magdaleno M. Avila, Defendants-Appellants.
No. 70-560.
Colorado Court of Appeals, Div. I.
December 28, 1971.
William O. DeSouchet, Jr., Smith & Smith, Alamosa, for plaintiffs-appellees.
Jonathon B. Chase, Boulder, Stanley P. Wagner, Jr., Alamosa, Guy T. Saperstein, Boulder, for defendants-appellants.
Selected for Official Publication.
DWYER, Judge.
The defendants, Dicho Y Hecho, an un-incorporated association; Reynaldo Campos; Orlinda De Vargas; and Magdaleno M. Avila, bring this appeal from a temporary restraining order entered pursuant to C.R.C.P. 65(b).
On July 21, 1970, the plaintiffs, Freshpict Foods, Inc., and Lee A. Consaul Co., Inc., filed a complaint seeking a temporary restraining order, a preliminary injunction, and a permanent injunction against the defendants, their agents, servants and employees, enjoining them from using force, threats, or other means of intimidation to prevent any person from engaging in the growing and harvesting of lettuce for the plaintiffs. On the same date, after an ex parte hearing, the temporary restraining order was entered in accordance with plaintiffs' motion, and the court set plaintiffs' motion for a preliminary injunction for hearing on July 31, 1970. The temporary restraining order, by its terms, was to expire on July 31, 1970.
On July 23, 1970, the defendants filed a motion to dissolve the temporary restraining order. A hearing was held on this motion on July 27, 1970, and the motion was *868 denied. On July 31, 1970, the parties entered into a stipulation which provided that the hearing set for July 31, 1970, on plaintiffs' motion for a preliminary injunction be vacated and that the restraining order be allowed to expire by its terms. The parties further stipulated that if plaintiffs did not take further action on their motion for a preliminary injunction on or before November 1, 1970, the plaintiffs' complaint would be dismissed. On July 27, 1970, defendants filed a notice of appeal from the temporary restraining order and from the denial of defendants' motion to dissolve the temporary restraining order.
C.A.R. 1(a) provides that an appeal to an appellate court may be taken from final judgments and from certain orders. The rule specifically provides that an appeal may be taken from an order granting or denying a temporary injunction, but the rule does not authorize an appeal from an order granting a temporary restraining order. One seeking review of a judgment or order must bring his case within one of the categories under the provisions of C.A.R. 1(a); otherwise, it is not an appealable order.
Appellants contend that the issuance of a temporary restraining order is an appealable order and in support of this position cite Stull v. District Court, 135 Colo. 86, 308 P.2d 1006, and Intermountain Rural Electric Association, Inc. v. District Court, 160 Colo. 128, 414 P.2d 911. In these two cases, review of the temporary restraining orders was by original proceedings in the Supreme Court for relief in the nature of prohibition and not by writ of error.
The defendants also rely on Simpson v. Simpson, 151 Colo. 88, 376 P.2d 55. The temporary restraining order involved in that case was issued in a divorce action. C.R.C.P. 65(h) specifically provides that C.R.C.P. 65 ". . . shall not apply to suits for divorce ...." The order entered in the Simpson case was a continuing order which did not expire by its terms within ten days and was tantamount to a temporary injunction.
The temporary restraining order involved in the present case was issued under C.R.C.P. 65(b) and is not an appealable order. C.A.R. 1(a).
The appeal is dismissed.
SILVERSTEIN, C.J., and ENOCH, J., concur.