**Crete H. O'CONNELL, Plaintiff-Appellee,**

**v.**

**The COLORADO STATE BANK OF DENVER, Defendant-Third-Party Plaintiff-Appellant**

**and**

**Maureen WALDBAUM, Defendant,**

**v.**

**W–O, INC., a Colorado corporation, Third-Party Defendant.**

**No. 80CA0649.**

Colorado Court of Appeals, Div. II.

June 4, 1981.

Rehearing Denied June 25, 1981.

Vanatta & Spelts, P.C., Scott F. Sullan, Denver, for plaintiff-appellee.

Sherman & Howard, Edward W. Nottingham, Denver, for defendant-third-party plaintiff-appellant.

KELLY, Judge.

Defendant, The Colorado State Bank of Denver, seeks to reverse an order prohibiting it from disposing of shares of stock which it claims were pledged to secure a loan. The defendant argues that the order was an appealable preliminary injunction which was improperly entered. We agree and therefore set aside the order.

Plaintiff brought suit against the defendant seeking the return of shares of stock pledged by her to secure a loan. She alleged that she was an accommodation maker of the notes secured by this stock, and that the bank had, without her knowledge or consent, extended the term of the notes and had unjustifiably impaired the collateral. The bank alleged that extensions of the notes in question occurred with plaintiff's knowledge and express consent, and denied the other allegations. By way of counterclaim, the bank sought to recover the principal amount of the loan.

While the suit was pending, bank officials, alarmed by an abrupt decline in the value, decided to sell the stock. In response, plaintiff filed a motion for a temporary restraining order and preliminary injunction, seeking an order preventing the bank from selling the stock.

The bank's counsel was notified of the hearing on plaintiff's motion and was present. Because the complaint was not verified as required by C.R.C.P. 65(b), the trial court granted a continuance until the next day. At the postponed hearing, both parties were present and evidence was taken relating to the injury to plaintiff if the stock were sold.

At the conclusion of this hearing, the trial court granted what it called a "temporary restraining order." The only provision in the order concerning its expiration is the mandate that the bank must hold the stock "until further order of this court."

Temporary restraining orders are not appealable. *Freshpict Foods, Inc. v. Campos*, 30 Colo.App. 354, 492 P.2d 867

(1971). The rationale behind the nonappealability of such orders is that they are of "short duration and terminate with the ruling of the preliminary injunction so that an immediate appeal is not necessary to protect the rights of the parties." 11 *C. Wright & A. Miller, Federal Practice & Procedure* § 2962 at 618 (1973). *See also Connell v. Dulien Steel Products,* 240 F.2d 414 (5th Cir. 1957).

> "The sharply limited duration of a temporary restraining order, which is designed to restrict the possible adverse effect of an order that is granted without a hearing and to ensure a prompt hearing on the application for a preliminary injunction, is one of the primary factors that differentiates a Rule 65(b) order from a preliminary injunction." 11 *Wright & Miller, supra,* § 2953 at 517.

Thus, the same rationale does not apply to injunctive relief which is granted on notice after a hearing and for a time period longer than the ten days allowed in the statute.

■ While the trial court characterized its order as a temporary restraining order, we are not bound by this terminology. 7 *Moore's Federal Practice* ¶ 65.07 at 65–83 (2d ed. 1980). This order, issued after notice and an evidentiary hearing, and for a period beyond the ten days allowed in C.R.C.P. 65, is a preliminary injunction. *See Pan American World Airways v. Flight Engineers International Ass'n,* 306 F.2d 840 (2d Cir. 1962); *Sims v. Greene,* 160 F.2d 512 (3d Cir. 1947); 11 *Wright & Miller, supra,* § 2962. It is, therefore, an appealable order. C.A.R. 1(a)(3).

■ The bank further argues that the trial court improperly issued the preliminary injunction because the plaintiff is not likely to succeed on the merits. *See 7 Moore, supra,* ¶ 65.04[1]; *see also Combined Communications Corp. v. Denver,* 186 Colo. 443, 528 P.2d 249 (1974). The plaintiff must present evidence on this issue. *See 7 Moore, supra,* ¶ 65.04[1].

Although the trial court made a finding of irreparable injury, it foreclosed evidence on the probability of success. Thus, the matter must be remanded.

The bank's argument that plaintiff has not shown irreparable injury is without merit.

Accordingly, the preliminary injunction is set aside and the cause is remanded to the district court for a rehearing or other proceedings necessary to make findings of fact on the issue of probability of success.

PIERCE and VAN CISE, JJ., concur.