No. 18,298.

JAMES E. RENNER, ET AL. *v.* PATRICK WILLIAMS.
(344 P. [2d] 966)

Decided October 13, 1959.

Mr. KIRBY F. KISTLER, plaintiff in error pro se.

Mr. WILLIAM J. CHISHOLM, for plaintiff in error James E. Renner.

Mr. J. EMORY CHILTON, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties by name. Renner and Kistler were officers and directors of Morrison Road Bar, Inc., owner of the tavern. Williams was the manager.

Pursuant to company resolution adopted by them as Board of Directors, Renner and Kistler entered the tavern and closed it. This action was intended to discharge Williams as manager and his wife who also was employed at the tavern, and effectively prevented them from assuming their duties. Williams went into the district court in an ex parte proceeding and obtained a temporary restraining order whereby Renner and Kistler were ordered not to interfere with Williams in the operation and management of the tavern. It also ordered them to deliver possession of the premises to Williams.

Upon the failure of Renner and Kistler to obey the court order, they were cited for contempt. At the hear-

ing on the citation they attacked the validity of the restraining order and urged it was void on its face for failure to comply with Rule 65, R.C.P. Colo. They contended before the trial court, as they do here, that the order was of no force and effect and therefore they could not be adjudged in contempt for not obeying the same.

At the conclusion of the hearing the court entered judgment finding them in contempt, and at the same time entered an order making the temporary injunction permanent. Three questions are presented.

FIRST QUESTION TO BE DETERMINED:

*Is a restraining order which fails to comply with the Rules of Civil Procedure void?*

This question is answered in the affirmative.

█ The restraining order was completely devoid of virtually all of the requirements of R.C.P. 65 (b), (c) and (d). Having been issued without notice, it did not define the injury to the applicant or state why it was of such nature as to be irreparable; the reason for issuance without notice; the time or date of its expiration or the date of hearing for a preliminary injunction. More significant was the failure of the court to set or require any security to be given by the applicant. Any one of the deficiencies noted was sufficient to render the order a nullity. This court had occasion to consider directly the effect of failure to require the giving of security to protect the person enjoined in *Stull v. District Court,* 135 Colo. 86, 308 P. (2d) 1006. We follow the holding in the Stull case that a restraining order issued without compliance with the requirement for giving security is without validity and of no force and effect.

SECOND QUESTION TO BE DETERMINED:

*In the contempt proceeding was it proper as a defense to raise the validity of the restraining order?*

This question is answered in the affirmative.

█ Here again a decision of this court is directly in

point on the question. *Valas v. District Court,* 130 Colo. 21, 273 P. (2d) 1017. The order can be challenged, and if void, can be treated as a nullity and no one need comply therewith. A more recent case on the point is *Davidson Chevrolet, Inc. v. City and County of Denver,* 138 Colo. 171, 330 P. (2d) 1116.

THIRD QUESTION TO BE DETERMINED:

*In a proceeding involving only the contempt, was it proper for the court to make the restraining order permanent?*

This question is answered in the negative.

■ Renner and Kistler having challenged the validity of the temporary restraining order previously issued, there was no issue before the court except the matter involved in the citation for contempt. The court erroneously assumed that the temporary restraining order was valid, so the very most that the court could have done after finding the parties in contempt was to set a time within which Renner and Kistler would be required to file an answer to the complaint and to the motion for a permanent injunction. The issues had not been joined in the suit filed by Williams by any pleadings. There was before the court only the complaint, summons and ex parte restraining order. Therefore it was wholly improper for the court to rule on the issues of a permanent injunction. As to the effect of final judgment prior to the time fixed in the summons and by rule for Renner and Kistler to appear see *Erickson v. Groomer,* 139 Colo. 32, 336 P. (2d) 296.

The judgment is reversed.

Mr. JUSTICE DOYLE concurs in the result.