No. 21995.

INTERMOUNTAIN RURAL ELECTRIC ASSOCIATION, INC. *v.* THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, ET AL.

(414 P.2d 911)

Decided May 31, 1966.     Rehearing denied June 20, 1966.

CECIL R. DITSCH, MURPHY and MORRIS, DONALDSON, HOFFMAN and GOLDSTEIN, ALAN A. ARMOUR, for petitioner.

STRAND, HOLST and HILBERT, for respondent Board of County Commissioners of the County of El Paso, Colorado.

LAURA and JAMES, RAPHAEL J. MOSES, for Intervenors.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

ON September 28, 1965, a petition was filed in this court praying for a writ and order in the nature of prohibition, directed to the respondent district court, with relation to a certain temporary restraining order theretofore issued by the court on September 10, 1965, and a civil action therein pending. This court entered an order to show cause and in response thereto the respondents filed their answer to the petition and petitioner filed a reply to respondents' answer. The landowners also appeared as intervenors and filed an answer in this court. All the parties submitted briefs. We elected to determine the issues thus joined and for that purpose heard oral arguments of respective counsel.

The factual background relative to a determination of the case is as follows:

Petitioner is a public utility, certified and regulated by the Public Utilities Commission of the State of Colorado, and qualified for financing under the Federal Rural Electrification Act. Its primary purpose is to serve rural, sparsely populated, areas which do not receive central station service, with electric power. As a

part of its over-all operation, it is authorized to serve areas in Teller, Douglas and El Paso counties, including a 720-acre tract in El Paso County described in the petition by legal subdivisions. To that end, it has obtained, or is in the process of obtaining, by eminent domain proceedings and otherwise, the necessary rights of way. The line in question is to bring service up to date with modern requirements and modern expectations where service from other lines is now on a limited basis.

The petitioner commenced the installation of poles and H-type fixtures to support a 44,000 KV transmission line over such rights of way and through and beyond the tract specifically described in the petition, to connect its power transmission line now in operation between Woodland Park, Green Mountain Falls and Castle Rock, Colorado. Sixteen miles of the proposed fifty-four mile transmission line are to be located in El Paso County. All of the work has been completed except four and one-half miles in El Paso County which are in issue here.

No building permit had theretofore been required of any public utility performing its functions in this area, as is sought in this instance pursuant to C.R.S. 1963, 106-2-9. The building inspector of the county, acting under instructions of the board of county commissioners, demanded that the work of installation and connection of the transmission line be halted until a building permit should be issued by him. Petitioner, although denying the authority of the building inspector, did file application for a building permit, which was denied by this inspector, who referred petitioner to the planning commission of El Paso County. This commission also refused the permit and advised petitioner to appeal to the board of county commissioners, which petitioner proceeded to do. The latter board denied the permit on July 29, 1965.

Section 106-2-9(1) (c), C.R.S. 1963, reads as follows:

"If the public way, grounds, space, building, structure, or utility be one the authorization or financing of which

does not, under the law governing the same, fall within the province of the board of county commissioners or other county officials or board, then the submission to the commission shall be by the body or official having such jurisdiction, *and the commission's disapproval may be overruled by said body* by a vote of not less than a majority of its entire membership *or by said official."* (Emphasis supplied.)

After denial of the application submitted as hereinabove described, the petitioner attempted to overrule the decisions of the respective boards, based on its interpretation of its power to do so under the statute above quoted. Pursuant to a resolution of the board of directors of petitioner, unanimously adopted, its manager, as the official in charge of the proposed construction, issued his order overruling the resolution of the board of county commissioners denying the permit, and notified the latter board of his action. Thereafter, the action was filed in the district court, which issued a temporary restraining order to which the petition filed here is addressed.

The petitioner alleges that at a hearing before the respondent board of county commissioners of El Paso County, engineering studies were referred to, suggesting that the subject tract is the only location at which the transmission lines could be installed, in view of the mountainous character of the terrain through which they were to run and the problems of maintenance and repair thereof during periods of inclement weather.

We have examined the record of the hearings before the El Paso County Planning Board and before the El Paso Board of County Commissioners in regard to statements made in the original petition, which are set forth in a factual context at paragraph 15, page 9, of the original petition. The statements made at the hearings reveal a conflict of opinion as to the factual inference raised in paragraph 15 of the original petition filed in this court.

The hearings conducted before the respective boards were of an informal nature consisting primarily of arguments made by various attorneys and consisting also of some oral statements made by property owners and neighbors to the property owners. In other words, we have no sworn testimony, no findings of fact and no conclusions before us for consideration. Moreover, it was not shown that other routes would not be equally acceptable, as implied in the petition.

The record which was made before the board of county commissioners contains a statement to the effect that one of the engineers involved in the construction of this line actually recommended a different route than the one which is sought here. Inconsistencies are apparent between what is alleged in the petition and what appears in the record. None of the allegations nor any statements at the board hearings were in the form of sworn testimony, and a serious question is presented whether they rise to the dignity of acceptable evidence.

It was further contended that the installation was necessary to provide adequate, economical and efficient service to the areas which petitioner was authorized to serve; that the Public Utilities Commission had approved petitioner's loans for the installation of the line, and loans had been obtained from the Rural Electric Association for that purpose. From the record and briefs before this court, we glean that there has been no authorization by the Public Utilities Commission for the specific route in question. Apparently this specific issue was not before the commission when the certificate was obtained. Moreover, it appears that the area to be served pursuant to this certificate is not in El Paso County. Thus, the question of full compliance with Chapter 115 of C.R.S. 1963 becomes a serious consideration.

Counsel did make issue during argument that construction was permitted over a major portion of the area through El Paso County before demand was made for compliance with the statute requiring a building

permit. It is apparent in the record that the board of county commissioners did advise petitioner in May of 1964, before any construction was commenced, of their intent to apply the statute giving authority for the county planning committee to exercise power in regard to the selection of a route of the public utility.

On September 10, 1965, the board of county commissioners obtained from the respondent court an *ex parte* temporary restraining order, directing the petitioner to refrain and desist from any further construction or the use of the subject tract for transmission lines or other purposes connected with petitioner's electrical operations. The board also filed in respondent court its complaint in Civil Action No. 49138, praying that petitioner be permanently enjoined from continuing construction of its transmission line until the route should be approved by the county planning commission, not disapproved by petitioner, and a valid building permit issued.

The petitioner alleges that the action of the building inspector, the planning commission and the board of county commissioners, in denying its application for a building permit was arbitrary, capricious, in excess of jurisdiction and in violation of duty. Further, that the temporary restraining order is void and of no effect, and the respondent court was without jurisdiction to grant it for the reason that the order itself, the affidavit supporting the same, and the complaint on which it was issued do not comply with Rule 65, R.C.P. Colo., and was issued without notice.

In *Renner v. Williams,* 140 Colo. 432, 344 P.2d 966, an identical restraining order was declared to be a nullity. We quote from page 434 of the opinion:

"FIRST QUESTION TO BE DETERMINED:

"Is a restraining order which fails to comply with the Rules of Civil Procedure void?

"This question is answered in the affirmative.

"The restraining order was completely devoid of vir-

tually all of the requirements of R.C.P. 65 (b), (c) and (d). Having been issued without notice, it did not define the injury to the applicant or state why it was of such nature as to be irreparable; the reason for issuance without notice; the time or date of its expiration or the date of hearing for a preliminary injunction. More significant was the failure of the court to set or require any security to be given by the applicant. Any one of the deficiencies noted was sufficient to render the order a nullity. * * *."

■ The order in the case at bar simply recites: "It satisfactorily appearing to the Court, from the Plaintiff's Motion for a Temporary Restraining Order on file herein, that sufficient grounds exist therefor." Every deficiency noted in the restraining order in the *Renner* case, *supra,* is present in this case, and in view of the opinion in that case we must now hold that the instant temporary restraining order is void, and a nullity.

■ The pertinent statutes in this case now under consideration vest jurisdiction exclusively in the Public Utilities Commission of the State of Colorado under Article XXV of our State Constitution and Sections 115-1-3, 115-4-2 (1), C.R.S. 1963, over the adequacy, installation and extension of the power services of petitioner, and the facilities necessary to supply, extend and connect the same. It follows, therefore, that the jurisdiction of the respondent court extends only to a review of the decision of the Public Utilities Commission in appropriate proceedings. The respondents did not avail themselves of the remedy pursuant to the statutes which are controlling in this situation. The temporary restraining order issued by respondent court was and is void for the reasons above given, and the court has no jurisdiction to proceed with Civil Action No. 49138, now on file.

The rule to show cause is made absolute and the cause remanded with directions to respondent court to vacate its temporary restraining order of date September 10,

1965, herein referred to, and to dismiss Civil Action No. 49138, pending in that court, without prejudice.

MR. JUSTICE McWILLIAMS concurs in the result.