MR. JUSTICE DAY
delivered the opinion of the Court.
Petitioner Sanderson sought in this court a writ in the nature of prohibition and a rule upon the trial court to show cause why an injunction theretofore entered by it should not be dissolved. Response to the show cause order has been filed and the matter is now at issue. We discharge the rule.
Allegations in the petition and a supporting brief made it appear to this court that the action of the trial judge and the relief sought by the petition fell squarely within Stull v. District Court, 135 Colo. 86, 308 P.2d 1006 (1957). It was alleged that a temporary restraining order and the subsequent preliminary injunction had been issued without compliance with C.R.C.P. 65(b), and we had held in Stull that if a court fails to comply with the rule the proceeding is in excess of jurisdiction and relief from such court action is available by writ of prohibition.
The answer of respondents and the record now indicate that petitioner’s reliance on Stull was misplaced. There is no similarity to what transpired in this case and the proceedings prohibited by Stull. We now find that remedy by appeal was available herein, and we have held that original proceedings may not be used to attempt to appeal out of time. Fitzgerald v. District Court, 177 Colo. 29, 493 P.2d 27 (1972).
From the record it is apparent that the case at bar has no relation to the Stull case in the following particulars:
1. The court had jurisdiction of the parties here, whereas in Stull such jurisdiction was lacking.
2. The motion for temporary restraining order was on notice (although shortened) and hearing was had with all of the parties present. In Stull it was ex parte, without jurisdiction over some of the parties, and none of the hearing requirements of Rule 65 were had.
3. The October 1973 date of the hearing following the temporary restraining order and for the preliminary injunction was not within the time frame of Rule 65, but was consented to by the parties.
*433 The written order of the court was entered in March of 1974 nunc pro tunc to October, the petitioner and his then counsel — not present counsel — were aware of the nature of the injunction and the matters covered by oral order of the court in October. Whether the date of the October hearing or the date of the entry of the written injunctive order in March of 1974 is the correct date of the court decision, counsel should have filed an appeal pursuant to C.A.R. 1(a)(3) at least after the March order.
It appears from the record that the injunction has been final in nature since that date. During that time apparently the parties have abided thereby and the payments due under the security agreement have been deposited in court and are being held in a banking institution at interest at the highest rate possible with the clerk ordered to pay the earned interest to the petitioner. Under such circumstances prohibition is inappropriate. The writ was improvidently granted.
The rule is discharged.