## No. 79SA16

**PII of Colorado, Inc. a/k/a PII of Colorado v. District Court in and for the County of Adams, Judges Jean J. Jacobucci and Abraham Bowling, Judges thereof**

(591 P.2d 1316)

Decided March 12, 1979.

Vranesic & Gordon, Paul E. Vranesic II, Oliver W. R. Champagne, Jr., for petitioner.

Miller & Leher, Martin P. Miller, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding brought by PII of Colorado, Inc. (here called the petitioner), questioning the authority of the respondent district court to issue an order prohibiting it from operating a fly ash dump. We issued a rule to show cause and now make the rule absolute.

Acting under section 30-20-101 *et seq.,* C.R.S. 1973, the petitioner applied to the Board of County Commissioners of Adams County for a certificate of designation under which it might operate a fly ash dump at 7200 North York Street. On December 13, 1978 the commissioners either authorized the issuance of or issued such a certificate. The record here does not disclose whether the certificate was delivered and "displayed in a prominent place at the site and facility," as required by section 30-20-105, C.R.S. 1973.

On January 4, 1979 George Fukui, who has adjacent property, brought action in the respondent court against the county commissioners and the petitioner under C.R.C.P. 106, asking that the granting of the permit be declared null and void, that an immediate stay of proceedings be issued against the commissioners and that the petitioner be enjoined from using the "permit." On the same day, without notice to the petitioner, the respondent court order that the county commissioners furnish it with a transcript of proceedings and other relevant documents within 60 days. The order continued:

"The County Commissioners are directed not to proceed further in this action until Order of the Court; that the execution of any permits to operate a fly ash dump at 7200 North York Street is hereby stayed; that none of the Respondents shall in any way proceed to operate a fly ash dump at 7200 North York Street until further Order of this Court; and that this Order shall act as a stay order to stay the Respondents [the county commissioners and petitioner] from proceeding in any manner whatsoever on the application for a permit to operate a fly ash dump at 7200 North York Street."

This proceeding challenges the *portion* of the respondent court's order which enjoins the *petitioner,* and it is *only* as to this portion of the order that our rule is effective.[1]

The respondent court's authority is contained in C.R.C.P. 106(a)(4) which reads:

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the

---

[1] We have considered the following authorities cited by the parties: *Kornfeld v. Perl Mack Liquors, Inc.,* 193 Colo. 442, 567 P.2d 383 (1977); *Hidden Lake v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973); *Hennigh v. County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969); *Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537 (1968); *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963); *Renner v. Williams,* 140 Colo. 432, 344 P.2d 966 (1959); *Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502 (1958); and *Stull v. District Court,* 135 Colo. 86, 308 P.2d 1006 (1957).

order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

Provision is made for the issuance of temporary restraining orders and preliminary injunctions in C.R.C.P. 65. This rule provides that no restraining order or preliminary injunction shall issue except upon giving security by the applicant. It further provides that no order or injunction shall issue without notice, except under certain situations, and that an early hearing shall be provided. No such conditions appear in C.R.C.P. 106(a)(4).

The action in the respondent court was brought under C.R.C.P. 106. There is no contention that there was compliance with the conditions prescribed by C.R.C.P. 65. Rather, it is contended by counsel for Fukui that, since the petitioner is an indispensable party, the respondent court had authority to stay it as well as the county commissioners under C.R.C.P. 106.

 The petitioner does not question the authority of the respondent court to stay proceedings of the county commissioners, and our ruling here has no effect thereon. As to the petitioner, which is not "an inferior tribunal," the provisions of C.R.C.P. 106(a)(4) are not applicable as to any stay order against it and, therefore, our rule is made absolute as to the respondent court's stay directed to it.[2]

We do not reach the contention that the petitioner was not legally incorporated at the time of the county commissioners' authorization and that the other names then used by the petitioner could not justify that authorization. These questions can be determined when the respondent court makes a determination of the C.R.C.P. 106 proceeding now pending before it.

Rule made absolute as stated above.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE CARRIGAN does not participate.

---

[2] It is not for us to surmise as to whether our disposition here, with the stay against the commissioners remaining, lends any great practical relief to the petitioner.