SKY CHEFS, A DIVISION OF FLAGSHIP INTERNATIONAL, INC., a Delaware corporation, Petitioner-Appellant,

v.

CITY AND COUNTY OF DENVER, DEPARTMENT OF REVENUE, SALES, USE, AND OCCUPATIONAL TAX SECTION; Jerry Kempf, individually, and in his capacity as Manager of Revenue; Milo E. Scram, individually, and in his capacity as Deputy Treasurer; Howard Davey, individually, and in his capacity as Supervisor of the Sales, Use, and Occupational Tax Section of the Department of Revenue; John Delisa, individually, and in his capacity as Assistant Supervisor of the Sales, Use, and Occupational Tax Section of the Department of Revenue; Don Guttenstein, individually, and in his capacity as Supervisor of Auditors of the Department of Revenue; the Honorable William H. McNichols, individually, and in his capacity as Mayor of the City and County of Denver, Respondents-Appellees.

No. 80SA470.

Supreme Court of Colorado, En Banc.

Oct. 12, 1982.

Rehearing Denied Nov. 8, 1982.

---

Brownstein, Hyatt, Farber & Madden, Richard S. Bayer, Denver, for petitioner-appellant.

Max P. Zall, City Atty. Robert F. Strenski, Deputy City Atty., Denver, for respondents-appellees.

DUBOFSKY, Justice.

The petitioner Sky Chefs, a division of Flagship International, Inc., appeals a Denver district court order dismissing its C.R.C.P. 106(a)(4) petition seeking review of a Denver Department of Revenue use tax assessment.[1] The district court ruled that it lacked jurisdiction because Sky Chefs did not comply with sections of the Denver Revised Municipal Code (Code) requiring that an action seeking review of a use tax assessment be brought within twenty days after the petitioner receives notice of the decision of the Manager of Revenue and that a review bond be filed as a prerequisite to court review. We conclude that the provisions of the Code are inconsistent with C.R.C.P. 106(b) and that C.R.C.P. 106(b)

controls, but the record is insufficient for us to determine whether Sky Chefs met the C.R.C.P. 106(b) 30-day time limit for filing its petition for review because there is a conflict as to the date of the final decision by the Manager of Revenue. Therefore, we reverse the decision of the district court and remand the case for the district court to determine whether Sky Chefs met the jurisdictional requirements of C.R.C.P. 106(b).

Sky Chefs operates two cafeterias for the benefit of its employees at Stapleton Airport in Denver. In December 1978, Sky Chefs received from the Denver Department of Revenue a notice of final determination, assessment and demand for payment for use taxes unpaid from March 1, 1975 through February 28, 1978 for food served to its employees. Sky Chefs timely filed a petition for administrative review, and the Department of Revenue conducted a hearing in July, 1979. In the Department's "Findings, Conclusions and Final Decision," issued November 26, 1979, it directed Sky Chefs to pay use taxes in the amount of $15,141.19. The decision was delivered to the petitioner on December 6, 1979, and the petitioner filed a petition seeking relief on a number of grounds from the administrative order under C.R.C.P. 106 on December 28, 1979.

The respondents, City and County of Denver, the Mayor, the Manager of the Department of Revenue, the Deputy Treasurer and supervisors in the Department of Revenue, moved to dismiss the petition because Sky Chefs failed to file a review bond as required by *Denver Revised Municipal Code* 166A.9–6[2] which provides:

> Before making application to the District Court under Rule 106(a)(4) of the Colorado Rules of Civil Procedure, the party making such application shall file with the Manager [of Revenue] a bond in twice the amount of the taxes, interest, and other charges audited and stated in the determination and decision of the Manager with surety as is now provided

---

1. This case was transferred here from the Court of Appeals under sections 13–4–110(1)(a) and 13–4–102(1)(b), C.R.S.1973 because it involved a constitutional question.

2. Article 166A.9–6 was repealed and reenacted as § 53–125(a) by Ord. No. 667–81, § 1, adopted December 14, 1981.

in other cases of appeal, or at his option may deposit lawful money of the United States in the same manner as herein provided.

The respondents also moved to dismiss the petition because Sky Chefs failed to bring its action within 20 days after notice of the decision of the Manager of Revenue as required by *Denver Revised Municipal Code* 166A.9–8 [3] which provides:

> Such writs [under Rule 106(a)(4) of the Colorado Rules of Civil Procedure] shall be issued by the Clerk of the Court upon a verified petition of the taxpayer, filed within 20 days after notice of the decision of the Manager of Revenue in any such matter [tax refund applications].

The district court found that because Sky Chefs failed to comply with both sections of the Code, it did not have jurisdiction and dismissed the case.

## I.

The respondents contend that the Code's requirement that petitioners file a bond with the Manager of Revenue before seeking C.R.C.P. 106(a)(4) review is analogous to the mandate of section 39–21–105(4), C.R.S.1973 (1981 Supp.) that a taxpayer post bond before appealing the assessment of state taxes, *Callow v. Department of Revenue*, 197 Colo. 513, 594 P.2d 1051 (1979) and *Shotkin v. Perkins*, 118 Colo. 584, 199 P.2d 295 (1948).

Sky Chefs counters that the bonding requirement in both *Callow* and *Shotkin* was created by the state statute under which the taxpayers were seeking review and therefore the bonding requirement was of uniform application in all courts throughout the state, as required by *Colo. Const.* Art. VI, Sec. 19. Here, the bond as a condition to seeking review under C.R.C.P. 106(a)(4) is required by a Denver ordinance and applies only to taxpayers seeking review in the Denver district courts of a decision of the Denver Manager of Revenue. Sky Chefs maintains that C.R.C.P. 106(b) does not condition the filing of a petition for review of the acts of any inferior tribunal on the posting of bond as security. *See PII of Colorado, Inc. v. District Court*, 197 Colo. 239, 591 P.2d 1316 (1979). Sky Chefs notes that the respondents may petition the district court to require that a bond be posted as a condition of a stay of execution on the tax assessment, but contends that respondents may not legislate such a requirement as a condition to the petitioner's right to seek judicial review in state court. We agree with Sky Chefs' contentions.

Our analysis here is controlled by our decision today in *Gold Star Sausage Company v. Kempf*, 653 P.2d 397, Colo. (1982) where we ruled that local ordinance provisions could not control the filing of a petition seeking review under C.R.C.P. 106(a)(4). Therefore, we hold that the requirement in *Denver Revised Municipal Code* 166A.9–6 that a bond be posted with the Manager of Revenue before a Rule 106 proceeding be commenced is invalid, and the district court erred in ruling that it was without jurisdiction on this ground to entertain Sky Chefs' petition.

## II.

The district court also dismissed Sky Chefs' petition on the basis that it was not filed within 20 days of receipt of the decision of the Manager of Revenue as required by *Denver Revised Municipal Code* 166A.9–8. We specifically considered this issue in *Gold Star Sausage Company v. Kempf, supra*, and ruled that petitions seeking review of a decision of the Manager of Revenue concerning use tax assessment could be filed within the 30 days allowed by C.R.C.P. 106(b).

The first petition filed by Sky Chefs on December 28, 1979 indicated that the final determination of the Manager of Revenue was on November 26, 1979. On January 3, 1980, the petitioner filed a first amended petition alleging that the final determination of the Manager was on November 28, 1979. The record certified to the district court by the Department of

---

**3.** Article 166A.9–8 was repealed and reenacted as § 53–125(b) by Ord. No. 667–81, § 1, adopted December 14, 1981.

Revenue contains a copy of the "Findings, Conclusions, and Final Decision" of the Manager of Revenue by Milo E. Scram, Deputy Treasurer, "entered this 26th day of November, 1979...." However, the certification of the record in this case contains Milo Scram's affidavit, dated January 14, 1980, in which he avers that the "Findings, Conclusions, and Final Decision" of the Manager of Revenue were dated November 28, 1979. A determination of whether the final decision was rendered on November 26 or 28 is crucial to a determination of whether Sky Chefs' December 28 filing met the 30-day limitation for seeking review under C.R.C.P. 106(b). Because the record contains a conflict on this point, we remand the case to the district court for a determination of the date upon which the final decision of the Department of Revenue was made. If it was November 28, 1979, the district court has jurisdiction to consider Sky Chefs' petition.

Judgment reversed and case remanded to the district court with directions.

LEE and QUINN, JJ., do not participate.