**APACHE VILLAGE, INC.,**
**Plaintiff–Appellant,**

v.

**The COLEMAN COMPANY; Ted G. Berryhill; Johnny Ketelsen Recreational Vehicles, Inc., d/b/a Ketelsen Campers of Colorado; Randall Ketelsen; Gary Ketelsen; and John Ketelsen, Defendants–Appellees.**

**No. 86CA0419.**

Colorado Court of Appeals,
Div. III.

June 8, 1989.

Mitchem & Mitchem, P.C., James E. Mitchem, Denver, for plaintiff-appellant.

Cortez & Friedman, P.C., Miles C. Cortez, Jr. and David H. Wollins, Englewood, for defendants-appellees The Coleman Co. and Ted G. Berryhill.

Hamilton, Myer, Swanson, Faatz & Clark, John T. Willson, Denver, for defendants-appellees Johnny Ketelsen Recreational Vehicles, Inc., d/b/a Ketelsen Campers of Colorado, Randall Ketelsen, Gary Ketelsen and John Ketelsen.

METZGER, Judge.

Plaintiff, Apache Village, Inc. (Apache), appeals the preliminary injunction entered against it in favor of defendants, The Cole-

man Company (Coleman) and Johnny Ketelsen Recreational Vehicles, Inc., d/b/a Ketelsen Campers of Colorado (Ketelsen). Apache's primary contention is that the trial court's failure to comply with the provisions of C.R.C.P. 65(c) concerning the requirement of bond renders the injunction invalid. We agree, vacate the injunction, and remand the cause for further proceedings.

Coleman and Ketelsen were granted a temporary restraining order which prevented Apache from using the Coleman trade name or trademark, from representing Apache as an authorized dealer, and from making false statements regarding Coleman's products. By agreement of the parties, the temporary restraining order became a preliminary injunction.

The threshold question, raised by this court, is whether Colorado or Kansas law should govern this appeal of the injunction. The dealership agreement specifically provides that Kansas law shall govern all disputes; nevertheless, the trial court and the parties used only Colorado law in the proceedings under review here. Upon analysis of the supplemental briefs we had requested on this issue, we conclude that resolution of the issue concerning the propriety of issuance of the preliminary injunction should be guided by Colorado law.

■ Since the forum court is more concerned with the function and administration of its courts, its procedural laws should govern. *Restatement (Second) of Conflict of Laws* § 122 comment a (1971). C.R.C.P. 65, which codifies the standards for issuance of preliminary injunctions, is procedural in nature.

■ *Restatement (Second) of Conflict of Laws* § 130 (1971) provides: "The local law of the forum determines the methods of securing obedience to orders of the court." Injunction is one of the means used to secure such obedience. *Restatement (Second) of Conflict of Laws* § 130 comment a (1971). Hence, because preliminary injunctions are procedural in nature, and because of the interest Colorado courts have in their administrative processes, we will apply Colorado law to the issue discussed in this opinion.

■ Apache contends that the trial court erred in refusing to order defendants to post security as required by C.R.C.P. 65(c). We agree.

C.R.C.P. 65(c) requires a party seeking injunctive relief to give security in such sum as the court deems proper "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." An injunction issued without compliance with this requirement has no validity and is of no force and effect. *See Renner v. Williams,* 140 Colo. 432, 344 P.2d 966 (1959). The amount of security is discretionary with the court so long as it bears a reasonable relationship to the potential costs and losses occasioned by a preliminary injunction which is later determined to have been improperly granted. *Zoning Board of Adjustment v. DeVilbiss,* 729 P.2d 353 (Colo.1986).

The trial court determined that it would not require defendants to post any bond or other security. This was error, since the court made no mention of potential costs and losses that might be sustained by plaintiff. Consequently, since the injunction failed to conform to the provisions of C.R.C.P. 65(c), it lacked validity and had no force and effect.

In view of this disposition, we need not consider Apache's other contentions of error. The issues they raise, including the choice of law for the remainder of the proceedings in this case, should be determined in a trial on the merits.

The preliminary injunction is vacated and the cause is remanded for further proceedings.

STERNBERG and HUME, JJ., concur.