Elizabeth B. BUCK, Gaylord B. Buck, and Gaylord B. Buck, III, Plaintiffs–Appellants,

v.

Virginia PARK, David Little, Gordon Lewis, Roger Simmons, and James Schmidt, individually and as members of the Board of Adjustment; Margaret Cunningham, Virginia Park, Nancy Zimmerman, George Hadji, Jack North, John Osborn, and Richard Slivka, individually and as members of the Planning and Zoning Commission of and for the City of Cherry Hills Village, Colorado; and the City of Cherry Hills Village, Colorado, Defendants–Appellees.

No. 91CA1211.

Colorado Court of Appeals,
Div. V.

June 18, 1992.

Rehearing Denied July 23, 1992.

Certiorari Denied Nov. 16, 1992.

A.A. Lee Hegner, Denver, for plaintiffs-appellants.

Morris, Rudy & Lower, Robert L. Morris, P. Kathleen Lower, Denver, for defendants-appellees.

Greengard Senter Goldfarb & Rice, Thomas S. Rice, Denver, for defendants-appellees (on the briefs).

Opinion by Judge RULAND.

Plaintiffs, Elizabeth B. and Gaylord B. Buck, and Gaylord B. Buck, III, own lots in the City of Cherry Hills. Following a denial by defendant Board of Adjustment of applications to grant some of the lots a non-conforming status or to grant a variance for construction of single-family residences, plaintiffs filed an application to rezone the lots from a residential classification to a commercial classification. Defendant Planning and Zoning Commission recommended that the application be denied. Plaintiffs then filed a complaint pursuant to C.R.C.P. 106(a)(4) seeking, among other things, judicial review of the Board's and the Commission's decisions. That action was dismissed by a summary judgment, and plaintiffs appeal. We affirm.

The lots owned by plaintiffs were acquired after the City adopted zoning regulations. All the lots are located in an "R-1" zoning district as defined in the City's code, and that code requires a minimum lot size of 2.5 acres for construction of any dwelling. Each of plaintiffs' lots is less than one acre in area.

In separate claims for relief, plaintiffs' complaint alleged that: (1) both the Board and the Commission abused their discretion by denying any legal use of the lots and that these decisions should be reversed pursuant to C.R.C.P. 106(a)(4); (2) the City inversely condemned their properties; and (3) the City was liable for "taking" the lots in violation of the Fifth and Fourteenth Amendments. The partial summary judgment dismissing plaintiffs' C.R.C.P. 106(a)(4) claim was made final pursuant to C.R.C.P. 54(b).

## I

First, plaintiffs contend that the trial court erred in ruling that their C.R.C.P. 106(a)(4) claim against the Board of Adjustment was not timely filed. Relying upon *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), plaintiffs argue that they were required to exhaust any other administrative remedies available to them before they could seek judicial review of the Board's decision. Specifically, they assert that it was necessary to pursue a rezoning application. We are not persuaded.

After a tribunal announces its decision in a quasi-judicial proceeding, an aggrieved party may seek judicial review under C.R.C.P. 106(a)(4) if there is no plain, speedy, and adequate remedy otherwise provided. Further, if no other time frame is provided by applicable law, C.R.C.P. 106(b) requires that the complaint be filed within 30 days after the ruling to be challenged is announced. *See Danielson v. Zoning Board of Adjustment*, 807 P.2d 541 (Colo.1990); *Tri-State Generation & Transmission Co. v. Thornton*, 647 P.2d 670 (Colo.1982).

Here, we conclude that both the Board's denial of the non-conforming use applications and the variance application were final decisions for purposes of C.R.C.P. 106(a)(4), and therefore, they were subject

to review in the district court. We base this determination on City of Cherry Hills Municipal Code § 6–3–3, which states:

APPEALS FROM THE BOARD: Any applicant, the Building Inspector and other person who was a party to a proceeding before the Board [of Adjustment] may seek judicial review of the decision of the Board in the manner provided by State law.

Hence, the plain language of the code authorizes judicial review of the Board's decision, and C.R.C.P. 106(a)(4) provides the requisite procedure. *Cf. Sclavenitis v. Cherry Hills Board of Adjustment & Appeals,* 751 P.2d 661 (Colo.App.1988).

Further, and contrary to plaintiffs' contention, we do not view the opinion in *Williamson County Regional Planning Commission v. Hamilton Bank, supra,* as relevant to the determination of whether plaintiffs must request judicial review of the Board's decision within the 30–day time frame set forth in C.R.C.P. 106(b). *Williamson* addresses the question of when a landowner's "taking" claim under the United States Constitution may be pursued, and it stands for the proposition that applicable administrative remedies must first be pursued.

The issue here, however, is when judicial review must be instituted under state law to review the Board's quasi-judicial decision. And, the Board's decision whether to grant a non-conforming status or a variance to construct a dwelling in a residential zone finally resolves plaintiffs' rights to this particular use of their lots. As a result, while more may be required to preserve plaintiffs taking claim under *Williamson,* no additional action was required at the administrative level to challenge the Board's decision, and, on the record before us, judicial review was the exclusive remedy. *See Tri–State Generation & Transmission Co. v. Thornton, supra; Higby v. Board of County Commissioners,* 689 P.2d 635 (Colo.App.1984).

Hence, because plaintiffs' complaint was not filed within 30 days after the Board reached its final decision, the district court properly dismissed this claim.

## II.

▮ Next, plaintiffs contend that the trial court erred in ruling that their C.R.C.P. 106(a)(4) claim against the Commission was premature. Plaintiffs specifically argue that, under the City's code, they were not required to pursue their application before the City Council because the code does not grant the Council authority to interpret or to enforce prior decisions of the Commission. We are not persuaded.

As stated previously, pursuant to C.R.C.P. 106(b), a complaint seeking judicial review may be filed only after a governmental body has issued a final decision. *See Gold Star Sausage Co. v. Kempf,* 653 P.2d 397 (Colo.1982); *Luck v. Board of County Commissioners,* 789 P.2d 475 (Colo.App.1990). Here, the Commission's order was not a final decision, and therefore, it was not appealable.

We base this conclusion on City of Cherry Hills Municipal Code § 6–2–4 which provides:

All applications for zoning changes shall be referred by the City Clerk to the Planning and Zoning Commission....

A recommendation shall then be made to the City Council, along with reasons therefor....

Before any such amendment is enacted by the City Council, a public hearing shall be held, public notice of time and place of which shall be published at least fifteen (15) days prior thereto....

Such an amendment to be enacted shall receive the affirmative vote of the majority of the membership of the entire Council....

Thus, the Commission simply recommends to the City Council whether a zoning request should be approved. Thereafter, the City Council makes the final decision.

Contrary to plaintiffs' contention, we do not view City of Cherry Hills Municipal Code § 6–3–4 as precluding the City Council from hearing or deciding whether to grant plaintiffs' request for a zoning change. Pursuant to that provision of the code:

*Except where specifically provided otherwise,* the duties of the City Council in connection with this Title shall not include hearing and deciding questions of interpretation and enforcement that may arise. (emphasis added)

In our view, § 6–2–4 specifically authorizes the Council to make final decisions on zoning changes, and thus, § 6–3–4 does not apply. Accordingly, we agree with the trial court that it lacked jurisdiction to consider plaintiffs' claim for judicial review of the Commission's recommendation.

We have considered and find no merit in plaintiffs' other arguments for reversal.

The judgment is affirmed.

NEY and ENOCH,* JJ., concur.