COLORADO COURT OF APPEALS                                    **2016COA154**

Court of Appeals No. 15CA1218
Arapahoe County District Court No. 15CV30232
Honorable Kurt A. Horton, Judge

Larry W. Martin,

Petitioner-Appellant,

v.

Arapahoe County Court; Honorable Christina Apostoli; and Honorable Bonnie
Heather McLean,

Respondents-Appellees.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE RICHMAN
Bernard and Fox, JJ., concur

Announced October 20, 2016

Azizpour Donnelly, LLC, Katayoun A. Donnelly, Denver, Colorado, for
Petitioner-Appellant

Cynthia H. Coffman, Attorney General, Sueanna P. Johnson, Assistant
Attorney General, Denver, Colorado, for Respondents-Appellees

¶ 1     Petitioner, Larry W. Martin, filed this C.R.C.P. 106(a)(4) action in district court against respondents, the Arapahoe County Court, Magistrate Christina Apostoli, and former Magistrate Bonnie McLean, seeking review of a temporary civil protection order entered against him in county court.  The district court dismissed the case for lack of subject matter jurisdiction.  We conclude that the district court correctly dismissed the case because a civil protection order is not a final decision reviewable under C.R.C.P. 106, and under the circumstances in this case, Martin had other adequate remedies provided by law.  Therefore, we affirm the dismissal.

## I.     Background

¶ 2     On November 26, 2014, Martin's business acquaintance, L.O., filed a complaint for a civil protection order against him in county court, claiming that Martin was stalking her.  The complaint alleged that Martin had sent L.O., her husband, her brother, and her sister-in-law over seventy e-mails from thirteen different e-mail addresses in which he professed his love for her and falsely claimed she was divorcing her husband and having an affair.  L.O. also asserted that Martin's e-mails described events he could have known about only by observing her activities.

1

¶ 3    After an ex parte hearing the same day, the county court entered a temporary civil protection order pursuant to section 13-14-104.5, C.R.S. 2016.  In its order, the county court found, based on L.O.'s testimony, that Martin constituted a credible threat, and that an imminent danger existed to the life and health of L.O.  The temporary order required Martin to stay at least 150 yards away from L.O. and her home.  The county court set a hearing for December 10, 2014, to determine whether the temporary order should be made permanent, and it issued a citation ordering Martin to appear on that date.

¶ 4    Martin appeared with counsel on December 10 and requested a continuance.  The court reset the permanent order hearing for December 30, 2014, and continued the temporary order.  On the morning of the December 30 hearing, Martin filed a motion to vacate the temporary order and dismiss L.O.'s complaint, arguing that (1) the statutory requirements for issuing a temporary civil protection order were not met and (2) the statutes governing temporary and permanent civil protection orders were unconstitutional.  At the hearing, the county court denied the motion to vacate the temporary order, but, at the urging of Martin,

it continued the hearing on the permanent order to allow briefing from the Attorney General's office regarding the constitutionality of the statutes. It extended the temporary order and reset the permanent order hearing for February 26, 2015.

¶ 5 Before the February 26 hearing, however, Martin filed this action in district court, naming as defendants the Arapahoe County Court and judges of that court and seeking review of the temporary protection order under C.R.C.P. 106(a)(4). In his complaint, Martin alleged that the county court exceeded its jurisdiction in issuing the temporary order because the evidence before the county court did not demonstrate imminent danger to L.O.'s life or health.[1] The county court stayed the protection order proceedings and extended the temporary order pending the resolution of the C.R.C.P. 106 action.

¶ 6 The county court defendants then moved to dismiss the C.R.C.P. 106 action for lack of subject matter jurisdiction, arguing

---

[1] Martin also alleged that the county court failed to comply with certain requirements for issuing an ex parte temporary restraining order under C.R.C.P. 65(b). However, the temporary civil protection order in this case was issued under section 13-14-104.5, C.R.S. 2016, and Martin does not argue on appeal that C.R.C.P. 65(b) applies to such orders.

that (1) the temporary order was not a "final decision" reviewable under C.R.C.P. 106 and (2) Martin had other adequate remedies because he could challenge the temporary order at the permanent order hearing and appeal a permanent order if one was entered.

¶ 7    After briefing, the district court granted the motion to dismiss "for the reasons argued by the movant."  This appeal followed.

## II.    Discussion

¶ 8    Martin contends that the district court erred in ruling that it lacked subject matter jurisdiction to review the temporary civil protection order under C.R.C.P. 106(a)(4).  We disagree.

### A.    Standard of Review

¶ 9    Where, as here, the facts are undisputed and the jurisdictional determination presents a question of law, we review the issue of subject matter jurisdiction de novo.  *Hendricks v. Allied Waste Transp., Inc.*, 2012 COA 88, ¶ 10.

### B.    C.R.C.P. 106(a)(4)

¶ 10    C.R.C.P. 106(a)(4) authorizes district court review where a lower judicial body has "exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law."

¶ 11    A complaint seeking review under C.R.C.P. 106(a)(4) may be filed only after the judicial body has issued a final decision on the matter at issue.  *See* C.R.C.P. 106(b) (complaint seeking review under C.R.C.P. 106(a)(4) shall be filed "not later than 28 days after the final decision of the body or officer"); *Buck v. Park*, 839 P.2d 498, 500 (Colo. App. 1992) (complaint must be filed within thirty days under former version of rule).  The filing requirements of C.R.C.P. 106(b) are jurisdictional in nature.  *Citizens for Responsible Growth v. RCI Dev. Partners, Inc.*, 252 P.3d 1104, 1106 (Colo. 2011).

¶ 12    A final decision is one that "ends the particular action in which it is entered, leaving nothing further to be done to completely determine the rights of the parties."  *Id.* at 1106-07.  Whether a judicial decision is "final" for purposes of C.R.C.P. 106(b) "necessarily depends upon the scope and nature of the proceeding and rights at issue."  *Id.* at 1107.

¶ 13    A final decision for purposes of C.R.C.P. 106(b) review is not synonymous with a final judgment for purposes of appellate review.  In the context of criminal cases, divisions of this court have held that a C.R.C.P. 106(a)(4) complaint filed before a final judgment "is

appropriate to protect certain rights that would be significantly undermined if a party were required to proceed to trial prior to obtaining review." *Hills v. Westminster Mun. Court*, 215 P.3d 1221, 1224 (Colo. App. 2009) (reviewing alleged speedy trial violation), *aff'd*, 245 P.3d 947 (Colo. 2011); *accord Kane v. Cty. Court*, 192 P.3d 443, 444 (Colo. App. 2008) (reviewing trial judge's denial of a motion to recuse); *see also Byrd v. Stavely*, 113 P.3d 1273, 1275-76 (Colo. App. 2005) (reviewing trial court's ruling that the defendants were not entitled to a jury trial).

¶ 14    Nevertheless, C.R.C.P. 106 review is extraordinary in nature, and it is not warranted where an adequate alternative remedy exists under ordinary appellate procedures or other statutory avenues of review. *See State v. Dist. Court*, 802 P.2d 473, 476-77 (Colo. 1990); *Kirbens v. Martinez*, 742 P.2d 330, 333 (Colo. 1987).

¶ 15    No published Colorado appellate decision has addressed whether a county court's entry of a temporary civil protection order under section 13-14-104.5 is reviewable under C.R.C.P. 106(a)(4).

### C.    Civil Protection Order Statutes

¶ 16    Section 13-14-104.5(1)(a) authorizes county courts to issue temporary or permanent civil protection orders for several

enumerated purposes, including to enjoin stalking.
§ 13-14-104.5(1)(a)(V).

¶ 17     The legislative declaration to the article governing civil

protection orders states:

> (1)  The general assembly hereby finds that the issuance and enforcement of protection orders are of paramount importance in the state of Colorado because protection orders promote safety, reduce violence and other types of abuse, and prevent serious harm and death.
>
> . . .
>
> (4)  . . . [T]he general assembly finds and declares that stalking is a dangerous, high-risk crime that frequently escalates over time and that sometimes leads, tragically, to sexual assault or homicide. . . .  While stalking behaviors may appear innocuous to outside observers, the victims often endure intense physical and emotional distress that affects all aspects of their lives and are more likely than others to express anxiety, depression, and social dysfunction.

§ 13-14-100.2, C.R.S. 2016.

¶ 18     Section 13-14-104.5(4) requires the court to set a hearing on a

request for a temporary civil protection order "at the earliest

possible time" and provides that the hearing may be ex parte.  The

court may issue a temporary civil protection order upon a finding

that "an imminent danger exists to the life or health of one or more persons." § 13-14-104.5(7)(a).

¶ 19    If a temporary protection order is issued, the court must issue a citation "commanding the respondent to appear before the court at a specific time and date and to show cause, if any, why said temporary civil protection order should not be made permanent." § 13-14-104.5(8). The return date must be no more than fourteen days after the date of the temporary order. § 13-14-104.5(10).

¶ 20    At the permanent order hearing, the court may make the temporary order permanent, or enter a permanent order on different terms, finding that the respondent "has committed acts constituting grounds for issuance of a civil protection order and that unless restrained will continue to commit such acts or acts designed to intimidate or retaliate against the protected person." § 13-14-106(1)(a), C.R.S. 2016. A finding of "imminent danger" is not required at this stage. *Id.*; *In re Marriage of Fiffe,* 140 P.3d 160, 162 (Colo. App. 2005). The grounds for the issuance of a permanent protection order are those set forth in section 13-14-104.5. The court may vacate the temporary order if the statutory requirements are not met. Alternatively, the court may

continue the permanent order hearing and extend the temporary protection order for good cause, if both parties are present and agree to the continuance. § 13-14-106(1)(b).

### D. Analysis

¶ 21 We conclude that the temporary civil protection order entered against Martin was not subject to district court review in a C.R.C.P. 106 action.

¶ 22 First, a temporary protection order issued under section 13-14-104.5 is not the county court's "final decision" on a plaintiff's request for a civil protection order. Section 13-14-104.5 merely permits a court to make an initial determination as to whether an imminent danger exists to the person seeking protection, and to issue a temporary protection order based on that finding. However, the temporary protection order is not a final determination of the rights of the parties. *See Citizens for Responsible Growth*, 252 P.3d at 1106-07. The statute contemplates that a final ruling regarding the plaintiff's entitlement to a civil protection order, and the terms of the order, will be made at the permanent order hearing. *See* § 13-14-106(1)(a). Thus, we conclude that the temporary protection

9

order is not a final decision subject to review in a C.R.C.P. 106 action.

¶ 23   Second, the permanent order hearing and ordinary appellate procedures provide adequate alternative remedies for challenging a temporary restraining order. The permanent protection order hearing gives the respondent a prompt opportunity to challenge the court's initial ex parte findings and raise any jurisdictional or procedural deficiencies. Any permanent order entered by the county court may then be appealed. We conclude that these procedures provide a "plain, speedy[,] and adequate remedy," which precludes review of a temporary protection order under C.R.C.P. 106(a)(4).

¶ 24   In this case, Martin sought to challenge the county court's initial finding of "imminent danger" by filing a C.R.C.P. 106 action. We conclude that the permanent order hearing provided an adequate opportunity to challenge the evidence supporting that initial determination. Although a different legal standard applies to permanent protection orders, Martin could nevertheless have raised this issue during the hearing in arguing that the temporary order should be vacated and no permanent order should be entered.

10

Thus, Martin's challenge was not properly the subject of a C.R.C.P. 106 action.

¶ 25 C.R.C.P. 106 review is extraordinary in nature, and allowing respondents to challenge temporary restraining orders in this manner would circumvent the statutory procedures governing civil protection orders and lead to unnecessary delay. Indeed, by filing this C.R.C.P. 106 action, Martin has extended the duration of the temporary order far beyond the fourteen days within which he could have challenged the order under the statutory procedures set forth in section 13-14-104.5.

¶ 26 In addition, we are not persuaded by Martin's reliance on *Stull v. District Court*, 135 Colo. 86, 308 P.2d 1006 (1957), and *Intermountain Rural Electric Association v. District Court*, 160 Colo. 128, 414 P.2d 911 (1966). In *Stull*, the supreme court applied a prior version of C.R.C.P. 106 to review a temporary restraining order governed by C.R.C.P. 65(b). 135 Colo. at 92-94, 308 P.2d at 1010. The supreme court held that the district court had exceeded its jurisdiction by entering an order without complying with any of the requirements of C.R.C.P. 65(b), and that no plain, speedy, and adequate remedy existed apart from C.R.C.P. 106 review. *Id.*

Similarly, the supreme court held in *Intermountain* that a temporary restraining order that has been entered without jurisdiction was void because it did not comply with C.R.C.P. 65(b). 160 Colo. at 133-34, 414 P.2d at 913-14. Neither case involved a temporary protection order issued under section 13-14-104.5, which provides statutory procedures for promptly addressing the challenges that Martin sought to raise in this C.R.C.P. 106 action. Accordingly, we conclude that *Intermountain* and *Stull* are inapposite.

¶ 27 Finally, we disagree with Martin's contention that the county court was lacking jurisdiction to enter the temporary protection order because there was not sufficient evidence of an imminent danger to L.O. We do not read as jurisdictional the statutory provision stating that "[a] temporary civil protection order may be issued if the . . . magistrate finds that . . . an imminent danger exists to the life or health of one or more persons." § 13-14-104.5(7)(a). Insufficient evidence of a fact necessary to enter an order or judgment does not generally deprive a court of jurisdiction to hear the case. Martin cites no Colorado authority suggesting otherwise.

¶ 28　Because the temporary protection order entered against Martin was within the court's jurisdiction and was not a final decision, and adequate alternative remedies existed for challenging the order, we conclude that the district court lacked subject matter jurisdiction to review the temporary restraining order under C.R.C.P. 106(a)(4).

## III.　Conclusion

¶ 29　The judgment is affirmed.

JUDGE BERNARD and JUDGE FOX concur.