489 P.2d 601 (1971)
Gunacan SEREN, Plaintiff-Appellee,
v.
William A. DOUGLAS et al., Defendants-Appellants.
No. 70-583.
Colorado Court of Appeals, Div. I.
September 28, 1971.
*602 William M. Cohen, Boulder, for plaintiff-appellee.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., John P. Holloway, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
DUFFORD, Judge.
This is an appeal of an action in the nature of mandamus initiated by Gunacan Seren, a Turkish alien, against the named defendants comprising the Tuition Classification Committee of the University of Colorado (the University). Seren, who had been classified by the University as an out-of-state student for tuition purposes, sought an order from the district court directing the University to certify him as an in-state student for tuition purposes commencing with the summer session of 1970 and continuing thereafter. The court concluded that Seren was entitled to classification as an "in-state student" and ordered that the University so classify him.
The facts are not in controversy. Seren entered the United States in August of 1967, to pursue the occupation of a "university student." He was issued a student visa by the United States Immigration and Naturalization Service, which visa expired in April of 1968. Seren was a non-student resident from April 1968 until the summer of 1970, and paid Colorado income tax during this period. Following his marriage to a United States citizen, a University of Colorado coed, in July of 1968, a petition for an immigrant visa was granted, thereby entitling him to apply for status as a permanent resident alien. The United States Immigration and Naturalization Service granted him the status of "lawful permanent resident" on January 20, 1970.
The University contends that, by operation of law, Seren was, prior to January 20, 1970, under a legal disability to formulate the requisite intent to establish Colorado as his domicile under C.R.S. 1963, 124-18-2(3), and that he would not be entitled to in-state classification until at least one year after that date.
The tuition classification statute at issue in this case, 1967 Perm.Supp., C.R.S.1963, 124-18-2(2) provides:
"The words `in-state student' shall mean a student who has been domiciled in Colorado for one year or more immediately preceding registration at any institution of higher learning in Colorado for any term or session for which domiciliary classification is claimed, but attendance at an institution of higher learning, public or private, within the state of Colorado shall not alone be sufficient to qualify for domicile in Colorado."
Fundamental to the classification of "instate student" is the establishment of a domicile as it is expressly defined in C.R.S. 1963, 124-18-2(3):
"The word `domicile' shall denote a person's true, fixed, and permanent home and place of habitation. It is the place where he intends to remain, and to which he expects to return when he leaves without intending to establish a new domicile elsewhere." (Emphasis added)
*603 The statute further provides that state institutions shall apply uniform rules "as prescribed in this article and not otherwise, in determining whether students shall be classified as in-state students or out-of-state students for tuition purposes." C.R.S. 1963, 124-18-1.
The University's contention that Seren was under a disability to form the requisite intent is based upon the fact that Seren originally entered the country under a student visa and was therefore classified a "nonimmigrant alien," who had no intention of abandoning his foreign homeland, as defined by federal statute which reads, in pertinent part, as follows:
"(15) The term `immigrant' means every alien except an alien who is within one of the following classes of non-immigrant aliens
* * * * * *
"(F) (i) an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study at an established institution of learning or other recognized place of study in the United States, particularly designated by him and approved by the Attorney General after consultation with the Office of Education of the United States, which institution or place of study shall have agreed to report to the Attorney General the termination of attendance of each nonimmigrant student, and if any such institution of learning or place of study fails to make reports promptly the approval shall be withdrawn, and (ii) the alien spouse and minor children of any such alien if accompanying him or following to join him;" Aliens and Nationality, 8 U.S.C. § 1101(a) (15) (1964). (Emphasis added)
The statute further provides, under Aliens and Nationality, 8 U.S.C. § 1184(a) (1964), that:
"(a) The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe, including when he deems necessary the giving of a bond with sufficient surety in such sum and containing such conditions as the Attorney General shall prescribe, to insure that at the expiration of such time or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under section 1258 of this title, such alien will depart from the United States." (Emphasis added)
The University argues that due to Seren's admission to the United States as a nonimmigrant alien, the duration of his stay in this country was specifically prescribed by the above-quoted statute, and irrespective of his intentions otherwise, could not be extended by any free choice on his part, since domicile of choice cannot be acquired in the absence of a legal capability to do so. See Restatement (Second) of Conflict of Laws § 15 (1969).
We agree that the federal statutes in question did create a legal disability which would render Seren incapable of forming the intent required by state statute so long as he, in compliance with federal law, was here on a legal basis which bound him to not abandon his homeland. However, that disability could, as a matter of fact and law, have dissolved upon the expiration of his student visa. At such time he could abandon his legal intent to return to his homeland and seek status as a permanent resident of the United States.
The University further argues that, if the federal statute created a disability during the period that Seren was a nonimmigrant alien, this impediment would remain until he was granted the status of lawful permanent resident. We disagree. We are unable to discover any state or federal statute which compels such conclusion.
*604 In the absence of a legal disability preventing Seren from forming the requisite intent to establish a domicile after the expiration of the visa, it was then within the province of the trier of fact to determine whether the intent required by state statute was present. Since there is evidence to the effect that defendant intended to reside permanently in Colorado and since he did in fact reside in Colorado, the trial court did not err in finding that Seren met the requirements for the establishment of a "domicile" as expressly defined by C.R.S.1963, 124-18-2(3). Where the trial court additionally found that plaintiff had been domiciled in this state for more than one year prior to his application for resident tuition status, its conclusion that Seren was entitled to classification as an "in-state student" for tuition purposes under 1967 Perm.Supp., C.R.S.1963, 124-18-2(2) was also proper. These were factual determinations, justifiably reached, and we will not disturb them on review. Andersen-Randolph Co. v. Taylor, 146 Colo. 170, 361 P.2d 142.
Order affirmed.
COYTE, J., concurs.
PIERCE, J., specially concurring.
PIERCE, Judge (specially concurring):
I concur in the result of the majority opinion, but I would place no emphasis upon federal law or the expiration of Seren's student visa. It is my view that, even though Seren might not have been permitted to remain in the United States indefinitely under an expired student visa, the federal statutes cited above control only the terms of his residency in the United States, not his intent to reside permanently in Colorado. Where, as here, nonstudent residency for one year has been shown, the requisite intent for domicile may be established under the controlling Colorado law. Under either theory, the result is the same.