## CIRCUIT COURT OF HENRICO COUNTY

Harrison Nesbit II

    v.

Albert Oakes IV

March 16, 1982

Case No. 81-L-123

By JUDGE E. BALLARD BAKER

This case grows out of an agreement of December 1, 1978, between Harrison Nesbit, II, as General Agent, and Albert Oakes, IV, as Agent. Oakes was to be employed as insurance agent for Massachusetts Mutual Life Insurance in the general agency of Nesbit.

Under the Agreement, an Established Monthly Financing Level of $1,800.00 was set. For any month in which commissions, or payments from a commission reserve account, were less than $1,800.00, it was stated that:

> there will be payable to the Agent . . . a financing payment of such an amount that the total payments to the Agent . . . in that month shall equal . . . $1,800.00.

Any such payments were to be charged to a Financing Loan Account in the name of Oakes.

The Agreement was terminated on February 12, 1981, at which time the Financing Loan Account had a debit balance of $6,430.00. .

The precise issue is whether this balance is payable solely from commissions which still accrue to Oakes's benefit or whether Nesbit can obtain a judgment against Oakes for the amount now due.

The Agreement has a provision which touches on this. Paragraph VII(D) provides:

> On termination of this agreement, the Agent shall be indebted to the General Agent for the Financing Loan Account Balance plus any interest charged under paragraph III. All commissions payable under the Agent's Contract shall be paid to the General Agent and shall be applied on the Financing Loan Account Balance until such time as said Balance is liquidated and thereafter commissions shall be payable to the Agent . . .

Nesbit contends that the use of commissions is only one way of payment; that he does not have to wait until sufficient commissions accrue, an event which may not come to pass; that Oakes has a personal obligation and that Nesbit is entitled to judgment now for the balance shown in the Financing Loan Account.

Oakes says there is no personal liability; that the Financing Loan Account is to be paid from commissions only.

The general point is discussed in 32 A.L.R. 3d 802 et seq. and a general rule stated in 3 Am. Jur. 2d, *Agency*, section 218:

> the overwhelming preponderance of case law is to the effect that while the parties may provide in the agreement for personal liability, in the absence of language, or at least some evidence, indicative of such an intention, it will generally he presumed that no liability was intended, and that the principal's sole source of reimbursement was intended to be the fund contemplated, that is, the anticipated commissions, bonus or profits . . . (32 A.L.R.3d 806).

Generally, where the contract of employment provides for a drawing account or advances to the agent against future commissions, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions, recover from the employee any excess. If, however, the contract contains in terms a promise by the agent to repay the sums advanced, the principal may recover the excess of the advances over the commissions, and some courts take the view that such a stipulation may be implied. (3 Am. Jur. 2d, *Agency*, sect. 218).

In addition to the authority cited, the following cases have been considered: *Tannen* v. *Equitable Life*, 303 So. 2d 352 (Fla. 1974); *Insurance Management* v. *Guthrie*, 310 A.2d 61 (D.C. Ct. App. 1973); *United American Life* v. *Urman*, 495 P.2d 1158 (Colo. 1972); *Slabodnik* v. *Travellers Insurance*, 489 P.2d 604 (Colo. 1971).

*Tannen* and *Insurance Management* found no personal liability on the agent; *United American* and *Slabodnik* found personal liability, but in each of those two cases the agreement either stated the agent was "personally liable . . ." (*United American*) or made reference to "regular cash payments . . ." by the agent (*Slabodnik*) if advances exceeded commissions at termination. *Slabodnik* recognized that:

Regular advances to an agent are presumed to be in the nature of compensation. In the absence of an express or implied agreement to the contrary, advances in excess of earned commissions are not recoverable. (489 P.2d 605)

but went on to find the agent agreed to repay excess advances personally.

This Court is impressed with the reasoning in *Tannen* and *Insurance Management.* The general rule is the agent is not personally liable for excess of advances over commissions; the rationale for the rule is that advances are generally in the nature of salary and not a loan, unless the language is explicit; repayment of advances

to the employer operates as a forfeiture unless there is a clear understanding that the advances were intended as a personal indebtedness; and any ambiguity is to be construed against the employer who, not only has a superior bargaining position at the inception of the relationship, but chose the language or provided the agreement form.

The Agreement here, on Nesbit's form, creates a "Financing Loan Account" to which financing payments are charged. These financing payments are referred to in the Compensation paragraph as the Established Monthly Financing Advance.

The termination provision uses the word "indebted" with respect to the balance in the Financing Loan Account. (Several cases hold the use of words suggestive of indebtedness, such as "loan," "debt" do not alone impose personal liability. 32 A.L.R. 3d 826). The termination provision then goes on to provide that "All commissions payable . . . shall be applied . . ." on the Loan Account balance until it is liquidated.

Upon consideration of this Agreement against the background of the general law relating to advances, it is my view that there is no personal obligation on Oakes for excess advances over commissions, for the following reasons:

(1) The Agreement must be construed against Nesbit and ambiguities resolved in favor of Oakes.

(2) The "all commissions payable" provision in the termination provision is not necessary, as Nesbit has the right of offset under Paragraph V. The insertion of the provision in the termination Paragraph can reasonably be construed as implying the means by which the Loan Account Balance is to be paid.

(3) The presumption is against personal liability.

(4) If personal liability as to advances was to be part of the Agreement, it could and should have been made part of the Agreement.

An order giving judgment to Oakes will be entered as of the date of this letter.