Roger A. HUBLEY, et al., Respondents,

v.

Ronald T. CRAM, Appellant.

No. C3–86–2080.

Court of Appeals of Minnesota.

April 28, 1987.

Review Denied June 25, 1987.

David A. Cossi, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for respondents.

Gerald G. Dederick, Moss & Barnett, P.A., Edina, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Upon a trial to the court, respondents, Indianapolis Life Insurance Company and its general agent Roger Hubley d/b/a Chartered Financial Services of Minnesota, Inc., were awarded $9,000 they claimed appellant, their former insurance agent Ronald Cram, owed them. Appellant argues that the trial court erred in concluding he was personally liable for commission advances after his termination. We reverse.

## FACTS

Appellant, Roger Cram, was employed by respondents as an insurance agent under their "Special Agent Contract." While so employed, appellant would receive cash advances that were to be offset by the commissions on his future sales. At the time appellant and respondents terminated their agreement, appellant's indebtedness to respondents exceeded his commissions by $9,000. Respondents then brought suit against appellant seeking to collect under the contract appellant's outstanding indebtedness.

The Special Agent Contract provided in part:

10. Indebtedness—Any indebtedness or obligation of Agent to the Company whether arising hereunder or otherwise shall be a first lien upon any compensation or amounts payable under this or

any previous contract, and shall bear interest at such a rate as the Company may from time to time require. The Company shall have the right to offset such indebtedness against any amounts otherwise owing by it to Agent under this contract. Any indebtedness or obligation of the Agent to the General Agent which is evidenced in writing shall be a second lien upon any compensation or amounts payable under this or any previous contract, and shall bear interest at a rate as agreed by the parties. The lien of the General Agent shall be subordinate to the first lien of the Company on the Agent's compensation. The provisions of this paragraph shall survive the termination of this contract.

\* \* \* \* \* \*

14. Termination—Either party to this contract may terminate at any time by giving 10 days' written notice to the other party to that effect. Such notice shall be sufficient if sent by ordinary United States mail to the last known post office address of the addressee. Termination shall not relieve Agent or his estate of any indebtedness or other liability to the Company or General Agent arising hereunder.

The trial court found that these provisions constituted an express and implied contract that required appellant to repay all of his overdrafts.

### ISSUE

Did the trial court err when it concluded that under the terms of the contract appellant was personally liable for his indebtedness to respondents?

### ANALYSIS

■■■ Appellant argues that the provisions in the Special Agent Contract were not sufficient to negate the general rule that:

Where a salesman working on commission has a draw account against commissions, there can be no recovery against him for overdrafts received in the absence of a specific contractual obligation

or an express or implied agreement of repayment.

*St. Cloud Aviation, Inc. v. Hubbell,* 356 N.W.2d 749, 751 (Minn.Ct.App.1984) (citations omitted). We agree with appellant.

Section 14 of the Special Agent Contract provides that upon termination appellant will still be responsible for any indebtedness or liability "arising hereunder," that is, under the Special Agent Contract. The only reference to such indebtedness or liability appears in section 10 of the contract. That section provides that appellant's indebtedness or liability to respondents shall be a lien on "any compensation or amounts payable" under the contract.

The contract could have contained language permitting respondents to recover overdrafts by means of promissory notes. The contract could also have provided that appellant would be personally liable for any overdrafts. But without explicit language giving appellant notice of his personal liability, we must follow the general rule that agents are not liable for the excess of advances over commissions. *See Slabodnick v. Travelers Insurance Co.,* 489 P.2d 604, 605 (Colo.Ct.App.1971). The rationale for this rule is

that advances are generally in the nature of salary, and not a loan to the employee, unless from the language of the agreement it is explicit that the advances are intended to be a loan. It is assumed that employment agreements like the one before us in the instant case are imposed by employers with a superior bargaining position. Moreover, since the funds have previously been transferred to the agent, repayment to the employer operates as a forfeiture, unless there is a clear understanding between the parties that the advances were intended as a personal indebtedness of the agent.

\* \* \* \* \* \*

We might add that a further reason for generally treating advances as salary rather than a loan is that the advance is given to the agent to promote the principal's business; and therefore a mutual benefit is conferred. The enterprise is akin to a joint venture in which it is

expected that a fund will be created from which both parties will be compensated—the agent for his time and labor and the principal for his advanced money. *Tannen v. Equitable Life Insurance Co. of Washington,* 303 So.2d 352, 354–55 (Fla. Dist.Ct.App.1974).

Further, general principles of contract construction require that any ambiguity must be resolved against respondents because they drafted the contract. *Deutz & Crow Co., Inc. v. Anderson,* 354 N.W.2d 482, 486 (Minn.Ct.App.1984). The contract states that any agent indebtedness will be a lien upon "compensation or amounts payable." Without more specific contractual language or other evidence of agreement, we must conclude that appellant's liability is limited to the commissions payable by respondents.

## DECISION

The trial court erred when it concluded that appellant was personally liable for repayment of overdrafts on his commission advances.

Reversed.

LESLIE, J., dissents.

LESLIE, Judge (dissenting).

I respectfully dissent. I agree with the majority that *St. Cloud Aviation, Inc. v. Hubbell,* 356 N.W.2d 749 (Minn.Ct.App. 1984) is determinative here. I concur with application of the rule that agents are not liable for the excess of advances beyond commissions in the absence of an agreement to the contrary and the rationale behind the rule detailed in the majority opinion. Where the majority and I diverge is on the question of the existence of an agreement to repay these advances in this case. I believe the language of the agency contract signed by the parties constitutes such an agreement.

Paragraph 10 of the parties' contract provides for an offset of current indebtedness on future earnings. Paragraph 14 specifically provides that "[t]ermination shall not relieve Agent or his estate of any indebtedness or other liability to the Com-

pany or General Agent arising hereunder." By signing the contract Cram expressly agreed to repay any debts not offset by earnings at the time of termination. Because such an agreement was made, the general rule that such advances are not recoverable does not control. I would affirm.