QUESTION PRESENTED AND CONCLUSION Question: Does a person qualify for in-state tuition at a public college or university under the following circumstances: the person is a United States citizen, under the age of 22, and not emancipated; and the person's parents have lived in Colorado for at least 12 continuous months prior to the student's enrollment with the intent to stay, but are undocumented.
Answer: Yes. Current state and federal law permit the state to grant in-state tuition status to students who are U.S. citizens but whose parents or guardians are undocumented aliens, *Page 2 
as long as the student can properly establish his or her lawful presence in the United States and the other statutory requirements for establishing eligibility for in-state tuition are met. Because it is the student, rather than the parents, who is the legal beneficiary of in-state tuition status, the fact that the parents may be in the country illegally is not a bar to the student's receipt of that benefit.
Like any other student, the hypothetical person in the question has the burden of showing that he or she has been domiciled in Colorado for at least one year in order to be deemed an instate student. Under Colorado law, the domicile of an unemancipated minor is presumed to be that of his or her parents. The parents' undocumented status does not prevent them from being domiciled in the state.
The issue raised requires a two-part analysis. The first part of the analysis focuses on the requirements of House Bill 1023 and applicable federal law, which restrict undocumented aliens' eligibility for public benefits. Here, it is the student who applies for and receives the benefit of in-state tuition status. As a U.S. citizen, the student is eligible for such a benefit. The next question concerns the issue of domicile, as determined in accordance with Colorado laws defining eligibility for in-state status, and is wholly separate from any analysis, under state or federal law, concerning eligibility for public benefits. Colorado's tuition classification system is based on residency and, if the child is an unemancipated minor, the domicile of the parents is the domicile presumed to determine tuition status. Domicile is a factual determination based upon physical presence within the state for a certain period of time combined with an intent to remain in the state indefinitely. Under Colorado's current statutory system, an undocumented alien can establish domicile in Colorado. Therefore, an unemancipated minor child who is a U.S. citizen can qualify for in-state tuition if his or her parents can establish domicile in the state, irrespective of the immigration status of the parents.
 DISCUSSION
I. ANALYSIS OF CURRENT STATE AND FEDERAL LAW AND IN-STATETUITION
House Bill 06S-1023 ("H.B. 1023") requires each agency or political subdivision of the State of Colorado to verify the lawful presence in the United States of each natural person eighteen years of age or older who applies for a state or local public benefit or for a federal public benefit. Section 24-76.5-103(1), C.R.S. Under this verification process, each agency or political subdivision must require each applicant to produce a specified form of identification and to execute an affidavit stating that he or she is a United States citizen, a legal permanent resident, or otherwise lawfully present in the United States. Section24-76.5-103(4). H.B. 1023 makes it unlawful for any agency or political subdivision to provide a federal or a state or local public benefit in violation of the statute. Section 24-76.5-103(9).
H.B. 1023 defines the terms "federal public benefit" and "state or local public benefit" by reference to those terms in federal laws enacted in 1996 and known as The Personal *Page 3 
Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA") and The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[2]
The PRWORA creates a comprehensive statutory scheme for determining aliens' eligibility for federal, state and local public benefits and services. It categorizes all aliens as "qualified" or "not qualified" and then denies public benefits based on that categorization:
 Notwithstanding any other provision of law and except as provided in subsections (b) and (d) of this section, an alien who is not —
 (1) a qualified alien (as defined in section 1641 of this title),
 (2) a nonimmigrant alien under the Immigration or Nationality Act [8 U.S.C. § 1101 et seq.], or
 (3) an alien who is paroled into the United States under section 212(d)(5) of such Act [8 U.S.C. § 1182(d)(5)] for less than one year, is not eligible for any state or local public benefit (as defined in subsection (c) of this section).
The term "state or local public benefit" is defined by federal law as set forth below:
 (c)"State or local public benefit" defined
 (1) . . . for the purposes of this subchapter the term "State or local public benefit" means . . .
 (B) any retirement, welfare, health disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of the State or local government or by appropriated funds of a State or local government.
8 U.S.C. § 1621 (Emphasis added).
In 1996, Congress passed the IIRIRA, which focuses specifically on post-secondary educational benefits. The IIRIRA denies state and local post-secondary education benefits to any alien who is not a "qualified" alien, a nonimmigrant under the Immigration and Naturalization Act ("INA"), or an alien paroled into the United States under the INA. Specifically, the IIRIRA expressly limits the eligibility of aliens "not lawfully present"[3] in the United States for preferential treatment on the basis of residence for higher education benefits: *Page 4 
 Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.
8 U.S.C. § 1623.
For purposes of this opinion, under the definition outlined in federal law and incorporated in H.B. 1023, in-state tuition is considered a public benefit. Accordingly, as a public benefit, the receipt of in-state tuition is restricted to those individuals who can prove lawful presence.
The PRWORA applies to public benefits "for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of the State or local government or by appropriated funds of a State or local government." 8 U.S.C. § 1621. In-state tuition status is conferred on an individual, not a household or family eligibility unit. In practical terms, in-state tuition status significantly reduces the individual's tuition obligation. In this situation, the public benefit is provided directly to the individual student. That in-state status may, in some cases, incidentally benefit the student's parents does not alter the fact that it is the student who applies for and receives classification as an in-state student. The obligation to pay tuition is the student's and thus the benefit of any reduction in that obligation is also the student's. Accordingly, in order to satisfy federal requirements, the student must prove lawful presence. As the student here is a U.S. citizen, the requirements of federal law could be satisfied.
H.B. 1023 requires each agency or political subdivision of the State of Colorado to verify the lawful presence in the United States of each natural person eighteen years of age or older who applies for a state or local public benefit or for a federal public benefit. Section24-76.5-103(1), C.R.S. H.B. 1023 further requires an agency or political subdivision to verify the lawful presence of each applicant eighteen years of age or older by requiring the applicant to produce identification and execute an affidavit. Here again, the student is the applicant of the public benefit, and therefore must prove lawful presence. Again, the students at issue are U.S. citizens and therefore, the requirements outlined in H.B. 1023 are satisfied once the student provides appropriate identification and executes the required affidavit. It should be noted that H.B. 1023 only applies to persons eighteen years of age or older. Therefore, any student under the age of eighteen applying for in-state tuition would not be required to comply with H.B. 1023.
In summary, the student is the legal recipient of the public benefit. He or she must comply with state and federal laws regarding establishment of lawful presence in the United States. The status of the student's parents does not affect the student's eligibility for a public benefit. *Page 5 
II. ANALYSIS OF DOMICILE AND TUITION CLASSIFICATION
Even though the student is not made ineligible for in-state tuition status by restrictions in state or federal law on receipt of public benefits by aliens, he or she must still satisfy the provisions of Colorado law concerning classification as an in-state student. Colorado's current system of tuition classification links tuition status to domicile. Section 23-7-102(5), C.R.S. (2006) ("`In-state student' means a student who has been domiciled in Colorado for one year or more immediately preceding registration at any institution of higher education in Colorado . . ."). Domicile is defined as a "person's true, fixed, and permanent home and a place of habitation. It is the place where he intends to remain and to which he expects to return when he leaves without intending to establish a new domicile elsewhere." Section23-7-102(2). If, as in the hypothetical presented here, the student is under twenty-two years of age and is not emancipated, the relevant domicile is presumed to be that of the parent with whom the student resides. Section 23-7-103(1)(a). The issue then becomes whether an undocumented alien parent can establish domicile in the state.
There is no prohibition in the tuition classification statute preventing an undocumented alien from establishing domicile. The Colorado Court of Appeals considered this issue in a slightly different context in Seren v. Douglas, 489 P.2d 601 (1971). There, a foreign student entered the United States on a student visa which, among other things, required him to declare that he resided in a foreign country and had no intention of abandoning that residence. Id. at 603. This requirement made it impossible for the student to establish domicile in the state. The student overstayed his visa (thereby becoming an undocumented alien) and in denying him instate tuition, the university argued that his visa status prevented him from forming the requisite intent to establish domicile in the state until he was granted legal status as a permanent resident. Id. The Court of Appeals rejected this contention, concluding that once the visa expired, the student could form the intent to establish domicile in the United States and obtain in-state tuition status.
The Court ordered the university to classify the student as in-state. While not expressly held in the decision, it is apparent from this result that the Court of Appeals did not believe that the student's undocumented status prevented him from receiving in-state tuition classification. Judge Pierce, specially concurring, recognized the distinction between the student's immigration status under federal law and his ability to form the requisite intent to establish domicile:
 It is my view that, even though [the student] might not have been permitted to remain in the United States indefinitely under an expired student visa, the federal statutes cited above control only the Terms of his residency in the United States, not his Intent to reside permanently in Colorado. Where, as here, nonstudent residency for one year has been shown, the requisite intent for domicile may be established under the controlling Colorado law.
Id. at 604. *Page 6 
Since undocumented aliens are capable under Colorado law of forming the requisite intent to establish domicile, a factual determination of whether domicile has been established in a particular situation becomes necessary. Colorado statutes outline various factors that are to be considered evidence in making this determination. Payment of Colorado income tax, for example, is "highly persuasive evidence" that an individual is domiciled in Colorado, while nonpayment of Colorado income tax is "highly persuasive evidence" of a non-Colorado domicile. Section23-7-103(2)(a)-(b). Other factors outlined in statute which tend to demonstrate domicile include employment in Colorado, ownership of property in Colorado, graduation from high school in Colorado, acceptance of future employment in Colorado, vehicle registration in Colorado and voter registration in Colorado. Section 23-7-103(2)(f). This determination is to be made on a case by case basis by the school applying the statutory presumptions. Because undocumented aliens are not legally barred from forming the requisite intent necessary to establish Colorado domicile, a student cannot be denied in-state tuition simply because of the immigration status of his or her parents. The issue then becomes whether the particular undocumented alien parents have established domicile in Colorado. This is a factual determination and one that will vary with each student and his or her family.
 CONCLUSION
Determining an unemancipated student's eligibility for in-state tuition when that student is a United States citizen but his or her parents are undocumented aliens requires a two part analysis. First, because the student is the recipient of the public benefit, the student must comply with all applicable requirements outlined in federal and state law for establishing lawful presence. Once the student has provided the requisite proof of entitlement, then the issue turns to whether the student is eligible for in-state tuition. Undocumented aliens are not legally barred from forming the intent necessary to establish a Colorado domicile. If the parents have been physically present in Colorado for twelve months prior to the student's registration, have the requisite intent to establish domicile, and if other applicable portions of the tuition classification statute have been satisfied, the student is entitled to in-state tuition.
Issued this 14th day of August, 2007.
_________________________ JOHN W. SUTHERS
Colorado Attorney General
[2] To date, the federal government has not promulgated regulations under either PRWORA or IIRIRA. Also, it does not appear that either statute has yet been the subject of a federal enforcement action against a state or local government.
[3] The INS General Counsel in a memorandum dated January 24, 1997, concluded that the phrase "lawfully present" as used in the 1996 law should be defined as provided in 8 C.F.R. Part 103.12.