**Paola MUNOZ–HOYOS, Plaintiff–Appellant,**

v.

**Martha Munoz DE CORTEZ and Daniel Rave–Munoz, Defendants–Appellees.**

No. 08CA1301.

Colorado Court of Appeals, Div. I.

April 2, 2009.

**952**

Hess & Schubert, LLP, Theodore G. Hess, William Schubert, Glenwood Springs, Colorado, for Plaintiff–Appellant.

John M. Lassalette, P.C., John M. Lassalette, Aspen, Colorado, for Defendant–Appellee Martha Munoz de Cortez.

Allen, Wertz & Feldman, LLP, Jeffrey Wertz, Aspen, Colorado, for Defendant–Appellee Daniel Rave–Munoz.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Paola Munoz–Hoyos, filed a tort action against defendants, Martha Munoz de Cortez and Daniel Rave–Munoz, asserting claims for assault, false imprisonment, and involuntary servitude. Plaintiff lives in Colorado, according to the complaint, but she is not a United States citizen. Because of her non-citizen status, defendants filed a motion to require plaintiff to post a cost bond as a nonresident of Colorado. The trial court granted the motion and ordered plaintiff to post a $20,000 bond. When she failed to do so, the trial court dismissed the complaint. Plaintiff appeals, contending that the dismissal was in error. We agree and accordingly reverse and remand.

■ A cost bond is required "in all cases in law and equity where the plaintiff, or the person for whose use an action is to be commenced, is not a resident of this state." § 13–16–101, C.R.S.2008; *Hytken v. Wake,* 68 P.3d 508, 511 (Colo.App.2002) ("The General Assembly clearly and unambiguously intended to preclude lawsuits by nonresident plaintiffs unless a cost bond is filed.").

Here, the trial court ordered plaintiff to post a cost bond because, "[b]y the very fact that Plaintiff is not a United States citizen she cannot under the law be a resident of the State of Colorado." Plaintiff contends the trial court erred in ruling as a matter of law that, as a non-citizen, plaintiff could not be a resident of Colorado under section 13–16–101. We agree.

Because the only question here is one of law, our review is de novo. *See Evans v. Romer,* 854 P.2d 1270, 1274 (Colo.1993). Thus, contrary to defendants' contention, plaintiff's failure to order additional portions of the record is not dispositive of her appeal because we have a sufficient record to determine the issue before us.

■ Whether a person is a resident or domiciliary of a particular state is determined, for state law purposes, by reference to the laws of that state. *See* Restatement (Second) of Conflict of Laws § 13 (1971) (a forum determines domicile according to its own standards); *see also Apache Village, Inc. v. Coleman Co.,* 776 P.2d 1154, 1155

(Colo.App.1989) (Colorado law governs procedural matters such as the requirement of a bond); *Sabell v. Pacific Intermountain Express Co.,* 36 Colo.App. 60, 69, 536 P.2d 1160, 1166 (1975) (Colorado "has a legitimate interest in applying its laws and policies not only to the conduct of its residents, but also to those who seek relief in its courts"); *cf. Napletana v. Hillsdale College,* 385 F.2d 871, 872 (6th Cir.1967) ("customarily the federal courts look to state law, particularly the law of the states concerned, for definitions of terms such as 'domicile' which are direct products of state law").

■ Thus, a person's immigration status under federal law does not in itself preclude a finding of residency or domicile under state law. *See Plyler v. Doe,* 457 U.S. 202, 227 n. 22, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) ("[I]llegal entry into the country would not, under traditional criteria, bar a person from obtaining domicile within a State."); *St. Joseph's Hosp. & Medical Center v. Maricopa County,* 142 Ariz. 94, 688 P.2d 986, 992–93 (1984) (undocumented alien may qualify as a resident under state statute irrespective of immigration status); *Bustamante v. Bustamante,* 645 P.2d 40, 42 (Utah 1982) (state determines who qualifies as a resident under its own laws without regard to federal immigration law).

■ In Colorado, whether a person is a resident of the state is determined by that person's physical presence and intent to remain. *See Gordon v. Blackburn,* 618 P.2d 668, 671 (Colo.1980) (legal residence, or domicile, is created if a person has the intention of permanently residing "in a place he considers his 'home' "); *Carlson v. District Court,* 116 Colo. 330, 338, 180 P.2d 525, 529–30 (1947) (a resident of this state is one who has a "personal presence at some place of abode" and a "purpose and intent to remain for an undetermined period"); *Sharp v. McIntire,* 23 Colo. 99, 102, 46 P. 115, 116 (1896) (residence or domicile "requires, not only a personal presence for the requisite time, but a concurrence therewith of an intention to make the place of inhabitancy the true home").

We have found no Colorado authority suggesting that, in enacting the cost bond statute, the General Assembly meant that the term "resident" be determined by something other than these uniformly accepted criteria. *See Gallion v. Colorado Dep't of Revenue,* 171 P.3d 217, 221 (Colo.2007) (presuming legislature is aware of the previously expressed legal importance of the words and phrases it uses). *Cf.* §§ 24–76.5–101 to –103, C.R.S. 2008 (requiring proof of "lawful presence" in the United States in order to qualify for certain public benefits). Furthermore, the general test of residency is consistent with the objective of the cost bond statute, which is to secure payment of costs from a plaintiff whose absence from the state is more likely than not.

Here, by concluding that plaintiff could not be a resident of Colorado as a matter of law, the trial court determined that plaintiff's lack of citizenship necessarily precluded her from intending to remain in the state. We agree with plaintiff that this was error. Although plaintiff is a non-citizen, the proper determination of her residence for purposes of the cost bond statute was not dependent on her immigration status, but on the evaluation of her place of domicile and her subjective intent. *See, e.g., Gordon,* 618 P.2d at 671. Indeed, that plaintiff may someday be required to return to Guatemala, her native country, does not mean that she either does not, or cannot, have the present intent to remain here in Colorado. *See Caballero v. Martinez,* 186 N.J. 548, 897 A.2d 1026, 1033 (2006) (undocumented alien's subjective intent to remain in New Jersey not defeated by the possibility of deportation); *Williams v. Williams,* 328 F.Supp. 1380, 1383 (D.C.V.I. 1971) (deportable alien's "actual intent to make his home here" is not defeated by a "constructive" intent inferred from immigration law); *see also Seren v. Douglas,* 30 Colo.App. 110, 114–15, 489 P.2d 601, 603–04 (1971) (student's presence in this country, in violation of terms of student visa, did not constitute a legal disability to forming the requisite intent to remain in Colorado).

Accordingly, we conclude that the trial court erred in ruling that plaintiff's non-citizen status alone precluded her from qualifying as a resident for purposes of section 13–16–101, and in requiring that she post a cost bond on that basis. On remand, the

court is directed to apply the proper criteria. If the trial court then determines that plaintiff is a nonresident, it may require her to post a bond.

The judgment is reversed and the case is remanded to the trial court with directions to reinstate plaintiff's complaint and to conduct further proceedings in accordance with the views expressed in this opinion.

Judge PLANK * and Judge ROTHENBERG * concur.